JAMES MILLIKIN

*v.*

EDWARD A. JONES.

1. PRACTICE—*as to filing additional pleas after the issue is made up.* Where a defendant, at a succeeding term of the court to that at which the issues were made up, filed an additional plea, setting up the Statute of Frauds, without leave of the court or notice to the plaintiff, it was *held*, no error to strike the same from the files, on motion of the plaintiff.

2. Where a defendant, after filing the general issue, and the continuance of the cause, discovers that he has a substantial defense not admissible under the general issue, he should, at the earliest convenient day, ask for special leave of the court to file an additional plea, so as not to take the plaintiff by surprise or delay the business of the court.

3. PRACTICE IN SUPREME COURT—*error that does no injury.* Where, on the trial of a cause, the court admitted evidence, under the general issue, of matters of defense presented by a special plea which had been stricken from the files, and the evidence failed to sustain the plea, it was *held,* even if there was error in striking the plea from the files, that this court would not reverse, as the defendant was deprived of no meritorious defense thereby.

4. AGENCY—*when agent is personally responsible on contract made for his principal.* Where an agent, in contracting for his principal, discloses the fact of his agency and the name of his principal, or where the other party knows at the time that he is acting as such agent, the latter will not be liable upon the contract, unless he binds himself to become responsible by the terms of the contract. If he agrees to become personally responsible, he may be sued, notwithstanding his agency.

5. LIEN—*on cattle for pasturage.* A person pasturing cattle for another has no lien on the same for the pasturage, unless there is a special contract to that effect.

APPEAL from the Circuit Court of Macon county; the Hon. C. B. SMITH, Judge, presiding.

This was an action of assumpsit, by Edward A. Jones against James Millikin, to recover for the pasturage of cattle.

Messrs. CREA & EWING, for the appellant.

Messrs. BUNN & BROWN, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This is an action of assumpsit, for pasturing certain cattle. Under a rule of court, of record at the December term. 1873, the defendant was required to plead by a day named, which he did by filing the general issue. Subsequently the cause was continued until the next term of court, at which, being the May term, 1874, a like rule in regard to pleading was of

record. At this term, and before the expiration of the time in which, by the rule, pleas were to be filed, the defendant, without having obtained special leave of the court therefor, and without having informed the plaintiff thereof, filed the following additional plea :

"And for further plea in this behalf, the defendant says, that the plaintiff ought not to have or maintain his aforesaid action against him, the defendant. because, he says. that each and every one of the said several supposed promises. in said declaration mentioned. was a special promise to answer for the debt of another person. to-wit: one Frank Calhoun. and was not. nor is any memorandum or note thereof, in writing, signed by the defendant, or by any person thereunto by him lawfully authorized, according to the form of the statute, etc., and this the defendant is ready to verify, etc."

When the case was called for trial, and before the jury were empanneled, on motion of plaintiff's attorneys, the plea was, by the court, stricken from the files, to which defendant excepted. Defendant thereupon asked leave of the court to re-file the plea, which was refused, and to this he also excepted.

The error assigned in this respect is not, in our opinion, well founded. When, at the December term, 1873, the rule was complied with, the issues were made up, and, so far as the pleadings were concerned, the case was then ready for trial. The plaintiff was authorized to prepare for trial on that issue. If, intervening the December and May terms, the defendant discovered he had what he considered a substantial defense, which he would not be permitted to prove under the general issue, he should, at the earliest convenient day, have asked leave of the court to file the additional plea. This was essential. that the plaintiff should not be taken by surprise, and that the business of the court should not be unnecessarily delayed. From aught that appears by the record, the defendant may have been as fully advised as to the character of his

defense when he pleaded the general issue, as he was when he filed the special plea. Parties are not allowed to adopt a course of practice in pleading which may tend to injure the opposite party, by presenting, at the last moment, and when he may be unprepared to meet it, a new and unexpected issue, or to trifle with the time of the court by making up portions of their issues at different times, when it can be reasonably avoided.

Notwithstanding, moreover, the plea was stricken from the files, the same evidence was given that would have been admissible under the plea, and, to our apprehension, it fails to sustain the plea; and so, even if there had been error in striking the plea from the files, the defendant has been deprived of no meritorious defense thereby, and consequently has sustained no injury of which he can be heard to complain.

The evidence shows the undertaking of the defendant was independent and original, and not collateral to that of Calhoun, and it was, therefore, unaffected by the Statute of Frauds.

Objection is made that the court modified one of the defendant's instructions, in this wise:

The instruction, as asked, was—

"The court further instructs, for the defendant, that, if it appears, from the evidence, that, in hiring the pasture, Millikin acted as the agent of Frank Calhoun, then it is immaterial whether the defendant disclosed his character or his principal, if they believe, from the evidence, that plaintiff, Jones, knew, at the time, that Millikin was acting in such character of agent."

To which the court added:

"Unless the jury believe, from the evidence, that. notwithstanding Millikin was acting as the agent of Calhoun, he, also, by his alleged agreement, bound himself to become responsible for said pasturage, or some portion of it."

We think the objection untenable. The modification was sufficiently pertinent to the proposition intended to be asserted by the instruction, to be properly considered in connection with it. Indeed, it asserts a necessary limitation to that proposition, and could not, hence, have well misled the jury in arriving at a correct conclusion.

The final objection urged is in giving the plaintiff's sixth instruction, which is:

"The court instructs the jury, for plaintiff, that plaintiff had no·lien on the stock for pasturage ; that the law does not give a lien on the stock for pasturage, unless there is a special contract that the stock should be especially held for the pasturage."

It is conceded the instruction asserts a correct principle of law, but it is insisted there was no evidence to which it could have any application, and it was, on that account, calculated to mislead the jury.

It is, in general, undoubtedly objectionable to instruct the jury on mere abstract legal questions. having no connection with the evidence. for the fact there is an instruction presupposes there is something in the case to which it is, in the opinion of the court, sufficiently relevant to enter into the consideration of the jury in the formation of their verdict. The subject, however, of the lien, was alluded to in the evidence. Millikin, the defendant, says: "I said Mr. Gorin and I had discussed the question, whether Jones (plaintiff) would allow the cattle to go out, and that, in case he refused to allow the cattle to be moved, it was likely we would have to pay for the pasturage before Calhoun could get the cattle." This, he says, was in the presence of the plaintiff. From this the jury might·have derived an impression that the plaintiff had a lien to which he should have resorted, and we are of opinion that the instruction was proper, for the purpose of preventing an erroneous impression in that respect.

An examination of the whole record satisfies us the judgment below does substantial justice, and it must be affirmed.

*Judgment affirmed.*