### George Hornstein Company, Defendant in Error, v. Roland A. Crandall, Plaintiff in Error.

#### Gen. No. 15,267.

ATTORNEY AND CLIENT—*power of former to bind client for printing of briefs.* If briefs and abstract are required by rule of court an attorney has power to bind his client for the printing thereof, and the fact that the charge made is to the attorney, is not conclusive that the obligation is his rather than the clients.

Assumpsit. Error to the Municipal Court of Chicago; the Hon. W. W. MAXWELL, Judge, presiding. Heard in this court at the March term, 1909. Affirmed. Opinion filed July 14, 1910.

KRUSE & PEDEN and ROY C. MERRICK, for plaintiff in error.

HORNSTEIN & FISHER, for defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court.

Plaintiff, on the order of defendant's attorney, printed briefs and abstracts in the cases of Crandall v. Sorg and Crandall v. Niblack, in this court and in the Supreme Court, in which cases the defendant was the appellant. The work was done between December 30, 1899, and December 17, 1900, and amounted to $174. This suit was begun August 19, 1908.

The cause was submitted to the court, which gave judgment for the plaintiff for $174.

It is contended that the evidence showed that the claim was the debt of the attorney of defendant, who gave the orders for the work and to whom the work was charged in plaintiff's books, and not the debt of the defendant. The rules of this court and of the Supreme Court required printed abstracts and briefs. We think that it was within the scope of the implied authority of the attorney of the appellant in those cases to have abstracts and briefs printed at the cost of appellant. Williamson v. Bosbyshell, 14 Mo. App. 534.

The fact that the printing was charged to the attorney is by no means conclusive on the question whether the credit was given to the attorney or to the defendant here, for whom the printing was ordered. We think that from the evidence the court might properly find that the claim for printing the briefs and abstracts was the debt of the defendant and not of his attorney.

In Sorg v. Niblack defendant had a claim for a lien and the case is sometimes referred to as Sorg v. Niblack and at other times as Crandall v. Sorg. The printing of the briefs and abstracts in that case amounted to $48, and the remainder of the claim, $126, was for printing briefs and abstracts in Crandall v. Lyon.

It is further contended that the action is barred by the statute of limitations and that the promise of the defendant to pay the debt was conditional, and that the condition on which the promise depended was not complied with.

March 3, 1905, the following contract in writing was made

between the defendant and Albert N. Eastman, his attorney in the mechanics' lien cases:

"Chicago, March 3rd, 1905.

In consideration of a note of even date herewith of Seven Hundred Fifty-nine and $^{62}/_{100}$ Dollars ($759.62), signed by Rowland A. Crandall payable to the order of Albert N. Eastman, due on or before one (1) year after date, this day executed and delivered by said Crandall to said Eastman, is so delivered and received in full payment, discharge and satisfaction of all claims of every kind whatsoever, each against the other to date, save and except only that there is now pending and undetermined in the Circuit Court of Cook County a case known as Sorg v. Niblack, for the services in connection with which said Eastman has not been paid and in which case he represents the undersigned Crandall, a claimant for lien.

It is agreed between the undersigned that said Eastman shall continue to prosecute said case and the net proceeds received therefrom shall be used first to reimburse said Crandall for all costs expended by him and taxed in said case, and the remainder to be divided equally, share and share alike, between said Crandall and Eastman.

IN WITNESS WHEREOF, this release and agreement is executed and delivered in duplicate the day and year first above written.

(Signed) Rowland A. Crandall.
(Signed) Albert N. Eastman."

March 21, 1905, the following contract in writing was made between plaintiff and defendant:

"March 21, 1905.

Pursuant to an agreement entered into March 3, 1905, between R. A. Crandall and Albert N. Eastman regarding the litigation of Sorg-Niblack, now pending in the Circuit Court of Cook county, where said Crandall has a claim for lien, it is agreed by and between George Hornstein Company and said R. A. Crandall, that whereas said Hornstein Company have a claim for briefs printed in said case, that they are to receive out of the costs allowed in said litigation their claim for ($174.00) one hundred and seventy-four dollars

meaning out of the first proceeds of said litigation as provided in said contract to be paid to said R. A. Crandall.

George Hornstein Co.<br>
R. A. Crandall."

The contract between plaintiff and defendant of March 21, 1905, expressly refers to the contract between defendant and Eastman of March 3, 1905, and provides that plaintiff shall receive out of the "costs" allowed in Sorg v. Niblack, "their claim for $174, meaning out of the first proceeds of said litigation as provided in said contract to be paid to said R. A. Crandall."    By this contract defendant promised to pay plaintiff $174 out of the first proceeds received by him under his contract with Eastman.

This was a conditional promise springing out of and supported by the original consideration.    The evidence shows that the condition on which the promise depended was complied with, for defendant received from Eastman about $1,-600 out of the proceeds of the case of Sorg v. Niblack.

We think the Municipal Court properly held, on the evidence, that the plaintiff was entitled to recover $174 of the defendant.

We find no reversible error in the rulings of the court on evidence, and the judgment is affirmed.

*Affirmed.*