Katherine M. Rockhold, Appellant, v. Thomas J. O'Brien et al., Appellees.

Gen. No. 41,671.

Heard in the third division of this court for the first district at the April term, 1941. Opinion filed January 7, 1942.

DAVID K. TONE, of Chicago, for appellant.

A. F. W. SIEBEL and ARTHUR F. SIEBEL, both of Chicago, for appellees.

MR. JUSTICE KILEY delivered the opinion of the court.

This is an appeal from a judgment entered in favor of the defendants in the municipal court of Chicago upon the several motions of the defendants to strike plaintiff's statement of claim and to dismiss her contract action for rent.

The plaintiff alleges in her statement of claim the execution of a lease between her and the Snider-Cazel Drug Co., for two years from April 13, 1938 at a

monthly rental of $160, payable on the first day of each month in advance. She further alleges that the lessee lost its right to possession under the terms of the lease by defaulting in the payment of rent for March and April 1940; that the lessee thereafter, about April 17th, turned possession and the keys of the premises over to Sheriff O'Brien without plaintiff's written consent as required by the lease; that O'Brien entered to make a levy on lessee's goods by virtue of an execution placed in his hands by the defendant McKesson & Robbins, Inc., judgment creditor of the lessee Snider-Cazel Drug Co.; that O'Brien acted under the direction of the defendants Siebel and Siebel, attorneys for the corporate defendant, and who were employed as such by the defendant Scofield, credit manager of the corporate defendant.

Plaintiff's statement of claim further alleges that her agent on April 19, 1940, found O'Brien in possession of the premises, demanded possession of him but was refused; that on April 30th, plaintiff's agent made demand in writing of O'Brien, the Siebels and McKesson & Robbins, Inc. and gave notice in writing of plaintiff's intention to hold them for damages including rental, for excluding her from possession; that O'Brien stored lessee's merchandise in the premises and remained in possession together with the other defendants until May 6, 1940, when he sold the merchandise at auction to the Siebels who acted for the corporate defendant; that O'Brien then refused to deliver possession and the keys of the premises to plaintiff's agent, but delivered same to the Siebels who remained in possession until May 22nd, when plaintiff's agent was given possession and the keys; that during all that time the merchandise levied upon and sold was stored in the premises; that Scofield told plaintiff's agent that the corporate defendant was willing to pay a reasonable rental for the occupancy of O'Brien before the sale, and of the other defendants following

the sale, but that Scofield failed and refused to pay. The plaintiff then asks judgment against the defendants for $374.66, being the sum of the rental specified in the lease for the period from April 17 to April 30, 1940 and double that rental from April 30 to May 22, 1940.

A copy of the lease is attached to the statement of claim. The provisions upon which plaintiff relies, and to which we shall refer hereinafter, are contained in said lease.

Each defendant filed a motion to strike the statement of claim. The motion of the corporate defendant is on the ground that the municipal court of Chicago has no jurisdiction to entertain plaintiff's suit against it. The motion of the attorneys Siebel and Siebel rests upon their contention that the statement of claim is insufficient to charge them, because it shows that they acted only as attorneys for the corporate defendant and its trustee and are not liable as individuals. Scofield's motion claims insufficiency of the statement of claim, because it shows that he acted only as agent for the corporate defendant and its trustee and not as an individual. Sheriff O'Brien contends in his motion that his entry did not terminate the lease and that he therefore occupied plaintiff's premises under the lease of the Snider-Cazel Drug Co., judgment debtor, and that O'Brien is not liable to the plaintiff and that her statement of claim is insufficient as to him.

All of these motions were sustained by the trial court and judgment entered against the plaintiff for costs.

The motion of the defendant McKesson & Robbins, Inc., states that it is in custody of the United States District Court for the southern district of New York in a bankruptcy proceeding and that William Wardell is its trustee; that a restraining order issued therein

enjoining all persons in the United States from suing the corporate defendant. The record does not show that plaintiff was a party to the bankruptcy proceedings nor does it disclose that she submitted to the jurisdiction of the New York federal court; and the record is silent as to whether an ancillary proceeding has been instituted in this district of the federal court pursuant to such primary bankruptcy proceeding, and whether plaintiff has been served with process in such ancillary proceeding.

It appears from plaintiff's statement of claim that McKesson & Robbins, Inc., during the period covered by this suit, was doing a wholesale drug business under a license from the State of Illinois; that it sued Snider-Cazel Drug Co. in the municipal court of Chicago and recovered judgment therein; that it caused an execution to issue upon that judgment, placed it in the hands of the sheriff of Cook county and caused a levy to be made pursuant thereto upon the merchandise of the judgment debtor. Now, however, the corporate defendant insists that the municipal court of Chicago has no jurisdiction of a suit against it for use and occupation of premises as an incident of its business as a licensee in Illinois.

A study of United States Supreme Court cases on the subject shows that the New York Federal Court had no power to restrain plaintiff who was not a party to the bankruptcy proceeding, did not submit to its jurisdiction and is a resident of this distant jurisdiction. *Acme Harvester Co. v. Beekman Lumber Co.,* 222 U. S. 300. By the general rule the jurisdiction of federal district courts *in personam* has been limited to the district of which the defendant is an inhabitant or in which he can be found. *Robertson v. Railroad Labor Board,* 268 U. S. 619. In bankruptcy proceedings a federal district court may in the primary suit reach into other jurisdictions, beyond its territorial limits by

means of an ancillary proceeding, but as we have said before, apparently plaintiff who is a resident here, has not been served with process in any such proceeding and consequently the restraining order on which the defendant corporation depends is unavailing against her. *Acme Harvester Co. v. Beekman Lumber Co., supra.* In any event the restraining order did not affect the jurisdiction of the Municipal Court. The motion of the corporate defendant based upon such restraining order should have been denied. The ruling of the trial court upon such motion was erroneous.

The motion of the defendants A. F. W. Siebel, Arthur Siebel and C. P. Scofield rests upon the alleged insufficiency of plaintiff's statement of claim as to them. They claim immunity because the defendants Siebel and Siebel were acting as attorneys, and Scofield as agent for the defendant corporation and Wardell, its trustee. There is no allegation in the statement of claim that Siebel and Siebel as individuals assumed any obligation for rent; or that they exceeded their authority as attorneys. On the contrary plaintiff charges that they were acting as attorneys for the corporate defendant. Clearly, therefore, no cause of action is stated against them. *Treece v. Reinhart-Smith Grocer Co.,* 197 Ill. App. 40, 7 C. J. S. 833. The motion to dismiss as to Siebel and Siebel was properly sustained. The statement of claim charges that Scofield, credit manager of McKesson & Robbins, Inc., told plaintiff's agent that the corporate defendant was willing to pay a reasonable rental for said premises during the time the same was occupied by the sheriff and such corporation, during the levy, sale and storage of the goods. There is no charge that Scofield acted without authority or in excess thereof; nor is it alleged that he bound himself personally for the rent, although the statement of claim after stating that he promised that the corporation was willing to pay the rent, goes on to charge that Scofield failed and refused

to pay. Not only does the statement of claim not allege facts sufficient to bind Scofield personally, it positively alleges that Scofield acted on behalf of defendant McKesson & Robbins, Inc. It follows, therefore, that if plaintiff proved the allegations of her statement of claim and that she accepted Scofield's offer, the corporation, and not Scofield, would be liable. *Golden v. Ellwood*, 299 Ill. 73, 3 C. J. S. 115. The trial court properly sustained the motion to dismiss as to Scofield.

The motion of the defendant O'Brien, as hereinbefore pointed out, rests solely upon the contention that Snider-Cazel Drug Co. was in possession as lessee and that O'Brien occupied under said tenancy. The test of the statement of claim, therefore, as to O'Brien, is whether it sufficiently alleges facts establishing a termination of the lease by Snider-Cazel Drug Co. prior to O'Brien's entry into the premises. If Snider-Cazel Drug Co. had no right to possession when O'Brien entered, the contention of the latter must fail. In the beginning we find that though the statement of claim alleges that the lease ran for two years from April 13, 1938, the face of the lease shows that the termination date is April 30, 1940. It is evident then, that any possession by O'Brien after April 30, 1940, could not have been under Snider-Cazel Drug Co. by virtue of the existing lease and therefore as to the period between April 30th and May 6th, when he gave up possession, the sheriff's motion is not effective. The statement of claim sets forth the clause which provides for termination of the lease for nonpayment of rent, at the election of the lessor; the consequent obligation of the lessee to surrender possession immediately; and the concurrent right of the plaintiff to enter and expel anyone in possession. The charge is then made of the default by Snider-Cazel Drug Co., lessee, in the payment of rent for March and April 1940. The state-

ment of claim further sets out the provision against subletting without plaintiff's written consent and follows with the allegation that the lessee delivered possession and the key of the premises to O'Brien without the knowledge or consent of plaintiff on or about April 17th.

The defendant relies upon the case of *People for use of Wilkinson Co. v. Gilbert,* 64 Ill. App. 203 to sustain the judgment of the trial court. In that case and the case at bar, the theories of the respective plaintiffs differ as to whose act terminated the lease; there the entry of the sheriff, here the default of the lessee. In that case the court said there was no allegation made which would justify the inference that the lease was terminated. Here, the plaintiff charges default in payment of rent by the Snider-Cazel Drug Co. and its delivery of possession and the key to O'Brien. In the *Gilbert* case there was no allegation made of a voluntary surrender of the premises to the sheriff. Here, there is the allegation of delivery by the lessee to the sheriff of both possession and key to the premises. In that case no allegation was made of a breach of condition for which the landlord's right of entry ensued. Here, there is the allegation of non-payment of rent by the lessee and the landlord's right to enter. The *Gilbert* case is clearly not decisive of the case at bar, although findings in it aid in determining the question here.

The defendant O'Brien further contends that arrearage of rent alone does not terminate a lease, but that an act of the landlord thereon is necessary and he cites cases to substantiate this contention. We are concerned with the statement of claim only and are of the opinion that the averment as to the lessee's relinquishment of possession to O'Brien, with the reasonable inferences therefrom, sufficiently allege belief in Snider-Cazel Drug Co. that the lease was terminated. O'Brien also claims that the automatic provision of

the lease for nonpayment of rent was waived by the plaintiff because she permitted the lessee to remain in possession following the default in payment of rent for March and April. That claim is a matter of defense. We have decided that the statement of claim sufficiently alleges termination of the lease and we need not, therefore, consider the remaining points raised by the defendant which pertain to the rights and immunities of the sheriff under the lease of Snider-Cazel Drug Co. In conclusion we hold that the statement of claims sufficiently alleges a termination of the lease of Snider-Cazel Drug Co. and also by the averment set out hereinbefore sufficiently states a cause of action against the defendant Thomas J. O'Brien.

There are allegations in the statement of claim against O'Brien and the other defendants which seem to be founded in tort, but the plaintiff seeks only rent, and while she urges in one point the liability of the defendants in tort, the only matter before us is the sufficiency of the complaint in the contract action.

Upon the various motions to dismiss, therefore, we have decided that the motions as to A. F. Siebel, Arthur Siebel and C. P. Scofield were properly sustained, but the motions of the defendants Thomas J. O'Brien and McKesson & Robbins, Inc. should have been denied. The judgment of the municipal court is, therefore, affirmed as to the defendants A. F. W. Siebel, Arthur Siebel and C. P. Scofield; and is reversed as to Thomas J. O'Brien and McKesson & Robbins, Inc. and remanded with directions to overrule the motions of McKesson & Robbins, Inc. and Thomas J. O'Brien to strike the statement of claim, and for further proceedings not inconsistent with this opinion.

*Affirmed in part and reversed and remanded in part with directions.*

BURKE, P. J., and HEBEL, J., concur.