A. J. Petrando, Trading as United States Law Printing Co., Appellee, v. Gerald G. Barry, Appellant.

**Gen. No. 46,444.**

First District, Third Division.

February 2, 1955.

Released for publication February 25, 1955.

Benedek & Benedek, of Chicago, for appellant.

Rappaport, Clorfene & Rappaport, of Chicago, for appellee; Hamilton Clorfene, of Chicago, of counsel.

MR. JUSTICE FEINBERG delivered the opinion of the court.

Plaintiff sued defendant, a member of the bar, for the cost of printing briefs, abstract, petition for rehearing and petition for leave to appeal to the Supreme Court, in a certain case entitled Mary Genevieve Rabe v. Magdalene B. Rabe et al., 339 Ill. App. 649, in which defendant appeared as attorney for the appellant therein. A trial without a jury resulted in a finding and judgment for plaintiff for $816. Defendant appeals.

The answer filed by defendant alleged that the order for the printing of said briefs and abstract was not on his own account but as agent for parties mentioned in said briefs and abstract, which plaintiff at the time well knew; and that he never signed any memorandum in writing, as required by the statute of frauds, to fix personal liability. He denies that he ever agreed to pay plaintiff the amount charged.

It appears from the record that a rule was entered on plaintiff to reply to defendant's answer, and that by some misprision of the clerk, the reply was found to have been filed in some other cause than the instant one. The reply was supplied here by an additional record. However, in the view we take it will be unnecessary to determine whether the reply supplied by the additional record is properly before us, or whether the facts alleged in the answer must be accepted as true, if there be a want of a reply to the answer.

Plaintiff was the only witness upon the hearing, it appearing that defendant, then seventy-seven years of age, was ill at the time of the trial, unable to be present, and the motion for continuance made by his counsel was denied. It appears from plaintiff's testimony that defendant brought to him the typewritten abstract to be printed, and that he knew that defendant was the attorney of record for the parties appealing.

When the printing of the briefs and abstract was completed, plaintiff billed defendant for the cost, and in the statement of account the title of the case and the docket number in the Appellate Court, as well as credit for payments on account made by defendant, are given.

██ We take judicial notice of our own records. It appears from our records that on the cover page of the briefs and abstract and petition for rehearing filed in said cause the name of defendant is printed as attorney for said appellant. We know also from our own records that plaintiff company, United States Law Printing Company, appears as printer of briefs and abstracts in many cases filed in this court. It is not unreasonable to charge plaintiff with knowledge of the representative capacity of attorneys, whose names appear upon the cover pages of such briefs and abstracts for one or the other of the parties to the appeal.

■ In the light of the foregoing, does the settled Illinois rule of liability apply to an attorney as it does in other cases of agency? We think it does. The rule is clearly stated in Chicago Title & Trust Co. v. DeLasaux, 336 Ill. 522, 526. It is there said:

"Where an agent in making a contract discloses his agency and the name of his principal, or where the party dealing with the agent knows that the agent is acting as an agent in making the contract, the agent is not liable on the contract unless he agrees to become personally liable. (Millikin v. Jones, 77 Ill. 372; Wheeler v. Reed, 36 Ill. 81; Chase v. Debolt, 2 Gilm. 371.)"

■ Mechem's Outlines of the Law of Agency, 3rd Ed., §§ 612, 622, states the rule to be:

". . . But the relation of the attorney to his client, in some of its aspects, is a relation of agency, and is, in general, governed by the same rules which apply to other agencies. . . ."

"So the attorney is not liable ordinarily to third persons upon the contracts which he makes for his client, where his agency is disclosed, and the attorney does not pledge his personal responsibility. . . ."

In the instant case defendant's representative capacity is disclosed upon the printed briefs and abstract, and the name of his client, the principal, is disclosed. There is no evidence in the record that would take the instant case out of the rule of liability applicable to an agent, announced in Chicago Title & Trust Co. v. DeLasaux, supra, and fasten any liability upon defendant.

In Rockhold v. O'Brien, 312 Ill. App. 601, this court held a pleading insufficient, which sought recovery of rent from attorneys, when it appeared from the statement of claim that they were acting as attorneys for the corporate defendant, and there was no allegation that the attorneys assumed any obligation for the rent.

The mere fact that plaintiff billed defendant for the printing is not conclusive that the obligation is his rather than the client's. When the attorney orders printing of briefs and abstracts in a case on appeal, he will be deemed to have implied authority to order the printing and bind his client. George Hornstein Co. v. Crandall, 156 Ill. App. 520.

Two cases directly in point are Argus Co. v. Hotchkiss et al., 107 N. Y. S. (App. Div.) 138, and Loder Appeal Press, Inc. v. Peerless Sugar Co., Inc. et al., 102 N.Y.S.2d (App. Div.) 820, where the attorneys were sued for the cost of printing briefs and abstracts ordered by them. The court held that the general rule of agency governs, and it must be made to appear that the credit is given expressly and exclusively to the attorney, who intends to assume personal liability. The holding in the New York cases cited is in harmony with the majority rule.

Upon the record before us, plaintiff has no cause of action against defendant, and the judgment is reversed.

Reversed.

KILEY, P. J. and LEWE, J., concur.