International Service Corporation of New York, Plaintiff-Appellee, v. Owen J. Ooms, Defendant-Appellant.

Gen. No. 51,965.

First District, Fourth Division.

February 5, 1969.

Erwin F. Adams, of Chicago, for appellant.

Theodore Pollock, of Chicago, for appellee.

MR. JUSTICE STAMOS delivered the opinion of the court.

Plaintiff on November 18, 1965, sued for the sum of $377.75, plus interest, alleging this balance was due and owing for services. A trial without a jury resulted in a finding and judgment for plaintiff. Defendant appeals.

Plaintiff is engaged in investigative services specializing in the areas of patent and trademark investigation with its principal place of business in New York City. Defendant is an attorney in Chicago, specializing in patent and trademark matters.

Plaintiff in its complaint alleged that it rendered investigative service in New York City and Chicago for defendant at defendant's instance and request, in investigations regarding a civil action titled, Donald F. Duncan, Inc. v. Royal Tops Mfg. Co., Inc.: that the value of the services was $627.75; that a balance of $377.75, plus interest, remains due and owing which defendant refuses to pay.

Defendant's answer admitted that plaintiff performed the above mentioned services but as an affirmative defense alleged that he was retained by Donald F. Duncan, Inc. as its attorney-at-law to manage, supervise and conduct the lawsuit against Royal Tops Mfg. Co. Defendant further averred that in the conduct of such lawsuit he was authorized to carry out and perform as agent for said Donald F. Duncan, Inc., all matters in connection with such litigation including the hiring of an investigator on and in behalf of his principal, Donald F. Duncan, Inc. Defendant further averred that plaintiff's investigative services were rendered for said Donald F. Duncan, Inc., a disclosed principal, at the request of defendant acting as the duly authorized agent of said Donald F. Duncan, Inc., of which plaintiff was apprised.

Defendant further alleged that plaintiff received in part payment for its services the sum of $250 from Donald F. Duncan, Inc., and any balance due plaintiff is owing from said Donald F. Duncan, Inc.

Plaintiff's only witness, U. O. Cumming, President of plaintiff, testified that plaintiff has its principal place of business in New York and is engaged in specializing in the areas of patent and trademark investigation. On or about February 7, 1964, he had a telephone conversation with defendant who requested that plaintiff perform some investigative services to determine whether Royal Tops Mfg. Co., was selling products bearing the trademark YO-YO. Cumming further testified that he knew that defendant was an attorney-at-law and was

told by defendant that he was representing a client, but the witness did not know the identity of defendant's client until one of plaintiff's investigators, Alexander A. Forgacs, signed an affidavit on February 16, 1964, which affidavit reflected the title of the litigation. In plaintiff's brief, the statement of facts recites that defendant never advised Cumming that defendant was representing a client. This recital by plaintiff is in conflict with the report of proceedings and the testimony of plaintiff's only witness.

Cumming related he had personally known defendant for a long time prior to the telephone conversation of February 7, 1964, as an attorney specializing in patent and trademark matters.

The requested investigative services performed by plaintiff included two visits to the Royal Tops Mfg. Co., Inc., place of business on February 7 and 10, 1964. The results of the two visits by Forgacs, plaintiff's investigator, were made known to defendant who prepared and sent to plaintiff an affidavit to be executed by Forgacs. This affidavit was executed by Forgacs on February 16, 1964, and returned to defendant for use in a contempt proceeding arising out of the lawsuit wherein defendant's client, Donald F. Duncan, Inc., had earlier secured a final decree against Royal Tops Mfg. Co., Inc., enjoining it from using the trademark "YO-YO."

The affidavit recited the purchases by Forgacs from Royal Tops Mfg. Co., of products bearing the trademark "YO-YO." The affidavit's caption recited the title of the litigation as Donald F. Duncan, Inc. v. Royal Tops Mfg. Co., Inc., before the United States District Court for the Northern District of Illinois.

On February 25, 1964, Forgacs appeared in Chicago and testified as a witness on behalf of defendant's client in the aforementioned contempt proceedings.

Plaintiff submitted a bill for its services and expenses in the amount of $675 which was sent to defendant. Plain-

tiff received a check drawn by Donald F. Duncan, Inc., in the sum of $250 as partial payment. This check was payable to plaintiff, but sent to defendant who in turn forwarded it to plaintiff. The record is silent as to the date this check was executed, received by plaintiff or negotiated.

Defendant testified he was attorney for Donald F. Duncan, Inc., in the trademark infringement suit in which a judgment enjoined Royal Tops Mfg. Co., Inc., from infringing the trademark "YO-YO" owned and used by Donald F. Duncan, Inc.

Defendant's version of the telephone conversation is as follows: Defendant told U. O. Cumming that he represented Donald F. Duncan, Inc., and requested plaintiff to perform some investigation work to determine if Royal Tops Mfg. Co., Inc., was selling products bearing the trademark "YO-YO" in violation of an injunction order which had been granted in favor of Donald F. Duncan, Inc., against said Royal Tops Mfg. Co., Inc. Defendant and Cumming testified alike in all respects except for the portion regarding whether defendant identified his client.

On September 13, 1965, eighteen months after the performance of the services, defendant's client, Donald F. Duncan, Inc., was adjudicated a bankrupt. The instant suit was filed 35 days later.

Plaintiff admits in its brief that some time after its hiring by defendant, plaintiff was aware of the fact that defendant was acting for a client, "Duncan YO-YO Company." Plaintiff takes the position however, that this disclosure in no way altered plaintiff's relationship with defendant, since plaintiff continued to deal directly with defendant, as indicated; and that at no time did plaintiff deal or correspond directly with defendant's client.

Defendant argues that the record shows that he acted only as an agent and is therefore not personally liable to

the plaintiff. Defendant relies on Petrando v. Barry, 4 Ill App2d 319, 124 NE2d 85 (1955), in which the court held that the attorney-defendant was not personally liable for the cost of printing briefs and abstract. In that case, the court found that the typewritten abstract was brought to the plaintiff and briefs and abstract were printed by the plaintiff, who billed the attorney for the cost. The bills to the attorney showed the parties to the appeal and acknowledged credit for payments made by the attorney. The attorney never agreed to be personally bound.

See the Petrando case, page 322, where the court said:

". . . [D]oes the settled Illinois rule of liability apply to an attorney as it does in other cases of agency? We think it does."

and cited Mechem, Outlines of the Law of Agency, §§ 612, 622 (3rd ed 1923):

". . . But the relation of the attorney to his client, in some of its aspects, is a relation of agency, and is, in general, governed by the same rules which apply to other agencies. . . .

"So the attorney is not liable ordinarily to third persons upon the contracts which he makes for his clients, where his agency is disclosed, and the attorney does not pledge his personal responsibility. . . ."

In Petrando, the identity of the client was inferred from the appearance of its name on the abstract; in the instant case the status of defendant as representing a client was immediately disclosed and the name of the client revealed shortly thereafter. In Petrando, the attorney made payments while in the instant case the only payment was made by the client's check payable to the plaintiff. In neither Petrando nor in the instant case did the defendant agree to be bound personally.

395

■ The rule stated in the Petrando case at page 322 is applicable here:

> "When an agent in making a contract discloses his agency and the name of his principal, or *when the party dealing with the agent knows that the agent is acting as an agent in making the contract,* the agent is not liable on the contract, unless he agrees to become personally liable. (Millikin v. Jones, 77 Ill 372; Wheeler v. Reed, 36 Ill 81; Chase v. Debolt, 2 Gilm 371)." (Emphasis supplied.)

The plaintiff argues that even if defendant was acting on behalf of a disclosed principal, this court should overrule Illinois authority and adopt the contrary view enunciated in Massachusetts in Burt v. Gahan, 351 Mass 340, 220 NE2d 817 (1966).

We discern no compelling reason to depart from the established Illinois rule.

■ We therefore conclude from this record that plaintiff knew that plaintiff was acting as agent and therefore the plaintiff has no cause of action against defendant. The judgment of the Circuit Court is reversed.

Judgment reversed.

DRUCKER, P. J. and ENGLISH, J., concur.