WALTER CHAPMAN, JR., Plaintiff-Appellee, *v.* EDWARD F. DIEDRICH *et al.*, Defendants-Appellants.

(No. 73-22; ▇▇▇▇▇▇▇▇▇▇

Second District—March 21, 1975.

Edward F. Diedrich, *pro se.*

James M. Regnier, of Fearer & Nye, of Rochelle, for appellee.

Mr. JUSTICE ALBERT SCOTT delivered the opinion of the court:

This is an appeal from the Circuit Court of De Kalb County, which after hearing evidence by bench trial entered a judgment in the sum

of $1,250 for the plaintiff, Walter Chapman, Jr., and against the defendant Edward F. Diedrich.

This action was commenced when the plaintiff filed a complaint against four defendants, namely, Edward F. Diedrich, Royce Thompson, Fred Huber and Sue Skoglund, for money allegedly due and owing him for architectural services performed in preparing plans to be used in conjunction with rezoning of certain property owned by the defendant Huber. The trial court found that Diedrich was solely responsible for payment to Chapman since as an attorney he had contracted for the services without authorization or consent to do so from his client Huber.

■■ This appeal presents the single question as to whether the evidence adduced during the trial supports the court's finding and the entry of a judgment against the attorney Diedrich. We are of the opinion that it does, since it is quite clear from the record that the property owner Huber retained attorney Diedrich for the purpose of drafting a rezoning petition for presentation to the city of De Kalb; however, at no time was Huber ever informed as to the need of architectural plans, nor did he authorize Diedrich to have such drawn. There is unrebutted testimony in the record that Diedrich informed the architect Chapman that he didn't know how he was going to get money out of Huber to pay his fees but would do so when the property was sold to the city. This testimony in and of itself supports the trial court's finding that Diedrich was acting outside of any scope of authority granted to him by his client Huber. We further note that the record supports the assertion of Huber that he never met with or discussed any plans with Chapman, nor did he ever see the plans.

■■ We cannot agree with the defendant Diedrich that this is not a case involving authority or want of authority. On the contrary we believe that the question of "authority" is the determinative factor in Diedrich's relationship with his client Huber and thence with the third party, namely, the plaintiff architect Chapman. In this appeal Diedrich contends that an attorney known to be acting as an agent for a disclosed principal is not personally liable for the natural and ordinary incidents reasonably necessary to transact the main objectives of the agency. This in substance is the rule set forth in the case of *Petrando v. Barry*, 4 Ill. App.2d 319, 124 N.E.2d 85. We quarrel not with this rule of law; however, we do not deem it applicable to the facts of the case before us since such rule is applicable only in those cases in which the authority of the agent is not in issue. See *Zamouski v. Gerrard*, 1 Ill.App.3d 890, 275 N.E.2d 429, wherein the rule of *Petrando* was approved but held inapplicable.

In *Zamouski* this court stated:

> "Defendant cites several cases for the proposition that if an agent, in making a contract, discloses his agency in the name of his principal (or the principal was known at the time by the other party), the agent is not liable on the contract unless he agrees to become personally liable. (See *Petrando v. Barry* (1955), 4 Ill. App.2d 319, 332; *Millikin v. Jones* (1875), 77 Ill. 372, 375, and *Wheeler v. Reed* (1864), 36 Ill. 81, 89.) We do not question the soundness of the rule cited by defendants, but think it inapplicable to the case before us since, in our view, it applies only to those cases in which the authority of the agent to act is not in issue. When such a question is presented, the well established rule is that an agent making a contract which he had no authority to make binds himself personally according to the terms of the contract. (*Frankland v. Johnson* (1893), 147 Ill. 520, 525; *Vulcan Corp. v. Cobden Machine Works* (1949), 336 Ill.App. 394, 401, and *Slape v. Fortner* (1954), 3 Ill.App.2d 339, 349.) 1 Ill.App.3d 890, 896-97.

Without belaboring the point or setting forth an unnecessary recitation of the evidence adduced during the trial of this cause, we deem it sufficient to say that it is abundantly clear from the record that the defendant Diedrich had no authority from his client to enter into a contract with the plaintiff and hence he is personally liable for payment of the architectural fees.

■■ Further the facts in this case will not support a finding that the client Huber ratified or condoned Diedrich's contract for architectural services. It is argued by Diedrich that his client ratified his acts when he signed the rezoning petition. Based upon the evidence this contention must also fall, since Diedrich himself acknowledged that the architectural plans were not affixed to the petition when his client signed it. In order to bind a principal by ratification it must be shown that he had full knowledge of the facts. *Slape v. Fortner*, 3 Ill.App.2d 339, 122 N.E.2d 57.

Finally, it may well be that architectural plans were required by an ordinance of the city of De Kalb as contended by Diedrich; however, any argument based upon this contention cannot be considered by this court since there is nothing in the record, *i.e.*, a copy of the ordinance, to support such an argument.

For the reasons set forth the judgment of the Circuit Court of De Kalb County is hereby affirmed.

Affirmed.

DIXON and STOUDER, JJ., concur.