**UNITED STATES of America, Plaintiff,**

v.

**789 CASES, MORE OR LESS, OF LATEX SURGEONS' GLOVES, AN ARTICLE OF DEVICE, Etc., Defendant,**

v.

**PLASTIC MATERIALS OF PUERTO RICO, INC., Claimant.**

**Civ. No. 90–1777 (JP).**

United States District Court,
D. Puerto Rico.

May 12, 1993.

See also 799 F.Supp. 1275.

Sylvia Carreño, Asst. U.S. Atty., Hato Rey, P.R., for plaintiff.

Harry Anduze Montaño, Hato Rey, P.R., for claimant.

**ORDER**

PIERAS, District Judge.

On August 19, 1992, the Court ORDERED Attorney Harry Anduze Montano to make payment to Mrs. Barbara Dachman, the official court reporter, for the preparation of stenographic transcripts which Mr. Anduze ordered from her (docket No. 125). On September 22, 1992, attorney Anduze filed a motion for reconsideration (docket No. 129). In his motion, attorney Anduze asks the Court to vacate its order requiring him to compensate Mrs. Dachman, in the sum of

$4,519.00, for her services.[1] For the reasons set forth below, attorney Anduze's motion is hereby **DENIED.**

In his motion, Mr. Anduze argues that he should not be required to compensate Mrs. Dachman because (1) a provision contained in the written agreement entered into by him and his client expressly indicates that litigation expenses, such as the cost of transcripts, are the sole responsibility of the client; (2) there are no provisions in the Puerto Rico or Federal Professional Responsibility Code which assign responsibility to attorneys for the debts incurred by their clients in. the litigation process; (3) his payment of the amount owed for the preparation of the transcripts would violate Rule 1.8 of the Model Rules of Professional Conduct which provides that, an attorney "shall not provide financial assistance to a client in connection with pending or contemplated litigation," and Canon 23 of Puerto Rico's Professional Ethics Code which provides that an attorney, "should not advance or promise financial aid to his client . . .;" (4) the Court has no jurisdiction over him as he has not been served with process as required by Rule 4 of the Federal Rules of Civil Procedure; and (5) the order issued by the Court deprives him of the minimum standard of due process as guaranteed by the Fourteenth Amendment of the Constitution of the United States. Attorney Anduze, however, does not contradict Mrs. Dachman's factual representations. Specifically, he does not contradict Mrs. Dachman's statement that he failed to inform her, at the time of ordering the transcripts, that his client, rather than he, would be responsible for the payment of the costs incurred in the preparation of the transcript. In a motion filed in opposition to attorney Anduze's motion for reconsideration (docket No. 132), Mrs. Dachman declares that she has been asked by Mr. Anduze to prepare stenographic transcripts before and that, on these occasions, he has always paid her upon receipt of her invoice.

The Court does not find merit in any of attorney Anduze's arguments. Whether there are provisions in the Puerto Rico or Federal Professional Responsibility Code which assign responsibility to attorneys for the debts incurred by their clients in the litigation process is immaterial. The Court's power to order an attorney to pay for stenographic transcripts which he has ordered from the official court reporter stems from the summary jurisdiction possessed by courts over attorneys as their officers. The courts have always possessed jurisdiction to compel an attorney to observe the duties incident to his professional relations towards his clients, and towards the other officers of the Court, including court reporters. It is a. court's right and duty to supervise attorneys and court reporters in their actions pertaining to matters concerning litigation before the court, as they are both officers of the court. Thus, the Court has jurisdiction over attorney Anduze even though he has not been served .with process.

Although there is a contrary view,[2] the Court believes that in the absence of express notice to the contrary, court officials and persons connected, either directly or indirectly with the progress of litigation, may safely regard themselves as dealing with the attorney, rather than with the client.[3] *See Burt v. Gahan,* 220 N.E.2d 817, 351 Mass. 340 (1966). *Accord Judd & Detweiler, Inc. v. Gittings,* 43 App.D.C. 304, 310–311 (1915); *Monick v. Melnicoff,* 144 A.2d 381 (D.C.Mun. Ct.App.1958). There is nothing unfair about this rule, the Court agrees with the *Monick* Court in that:

> If an attorney in ordering a transcript or a brief does not intend to bind himself personally, he may avoid responsibility by making his position clear. The reporter . . . then on notice of the nonliability of the

---

**1.** The exact date on which Mr. Anduze asked for the transcripts is not clear.

**2.** *See Petrando v. Barry,* 124 N.E.2d 85, 4 Ill. App.2d 319 (1st Dist.1955); *Bonynge v. Field,* 81 N.Y. 159 (1880).

**3.** The parties do not cite any Puerto Rican law concerning this issue. Attorney Anduze suggests that if the Court considers the issue should be decided according to local law, the Court should certify this issue to the Supreme Court of Puerto Rico. As the Court believes that the issue can be resolved independently of local law it does not consider the certification alternative.

attorney, may take such steps as he feels are necessary for his protection before extending credit to a client whose credit standing and responsibility are often wholly unknown to him.

In this case, Mrs. Dachman has stated that she has prepared transcripts for attorney Anduze in the past and that he has always paid her upon receipt of her invoice. Attorney Anduze does not contradict Mrs. Dachman's statements, even though he had the opportunity to do so in his motion for reconsideration. Thus, a custom seems to have existed between attorney Anduze and Mrs. Dachman, making it even more compelling in this case to apply the rule stated above; if attorney Anduze wished to keep himself free from liability on this particular occasion, he should have expressed his desire to Mrs. Dachman, so that she could have protected herself by asking for payment in advance.

The fact that attorney Anduze's agreement with his client provides that his client is responsible for litigation costs is irrelevant. The agreement does not control attorney Anduze's relationships or obligations with third parties who are strangers to the agreement and who have no reason to make it their business to learn what provisions are contained in the attorney-client agreements of parties they provide services to. Moreover, attorney Anduze does not allege that he made Mrs. Dachman aware, or that she had knowledge, of the agreement between him and his client. The provisions cited by attorney Anduze from the Model Rules of Professional Conduct and Puerto Rico's Professional Ethics Code have no relevancy to the issue before the Court either; his payment of the amount owed for the preparation of the transcript could not be considered "financial assistance to a client in connection with pending or contemplated litigation" as far as the stenographer was concerned in this case Mr. Anduze was the client. Furthermore, such allegation is not material to the issue before the Court; it may be material in an action for disbarment or an action where the conduct of an attorney is being questioned.

Finally, attorney Anduze does not allege a Fourteenth Amendment violation with enough specificity for the Court to be able to consider it. Therefore, as the Court finds that it has jurisdiction to direct attorney Anduze to pay Mrs. Barbara Dachman for stenographic transcripts which he ordered from her, attorney Anduze is hereby ORDERED to pay Mrs. Dachman the sum of Four Thousand Five Hundred Nineteen Dollars ($4,519.00) within a week of the issuance of this order.

IT IS SO ORDERED.