USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 93-1554 UNITED STATES OF AMERICA, Plaintiff, Appellee, v. 789 CASES OF LATEX SURGEON GLOVES, Defendant, Appellee, __________ HARRY ANDUZE-MONTANO, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Jaime Pieras, Jr., U.S. District Judge] ___________________ ____________________ Before Breyer, Chief Judge, ___________ Torruella and Selya, Circuit Judges. ______________ ____________________ Guillermo Ramos Luina on brief for appellant. _____________________ ____________________ December 30, 1993 ____________________ TORRUELLA, Circuit Judge. The question before us ______________ is whether the district court, under its inherent or supervisory powers, properly ordered an attorney to pay the court reporter for a trial transcript. We conclude the order must be reversed. I. _ Appellant is an attorney who represented a claimant in a forfeiture action. At the close of the 13-day non-jury trial in that case, the court asked the reporter to prepare the transcript on an expedited basis so that the parties could use it in preparing post-trial memoranda. Several months later, before the district court had rendered any decision, appellant moved to withdraw explaining that he had been unable to communicate with his client, he had not been paid for his services, and the client had not produced the funds for the trial transcript. The district court judge issued an order holding the motion to withdraw in abeyance until new counsel filed an appearance. Three weeks later, the court reporter asked the court to order appellant personally to pay $4,519 for the trial transcript he had ordered, but not yet picked up. Appellant filed no opposition to the court reporter's motion, and a month later the judge issued an order requesting appellant to pay the -2- reporter within the week.1 The same day, the judge rendered his decision in the forfeiture action, found against appellant's client, and ordered the articles destroyed. The next month, the court reporter said she had not been paid and asked the court to enforce its August 19 order. Appellant opposed and sought reconsideration of the August 19 order. He explained that the transcript had been ordered on behalf of his client, but he had been unable to collect either his own fee or the transcript amount. Moreover, he argued that the court lacked jurisdiction over him with respect to the demand for payment. The district court rejected appellant's jurisdictional argument, explaining, without citation to any authority, as follows: The Court's power to order an attorney to pay for stenographic transcripts which he has ordered from the official court reporter stems from the summary jurisdiction possessed by courts over attorneys as their officers. The courts have always possessed jurisdiction to compel an attorney to observe the duties incident to his professional relations towards his clients, and towards the other officers of the Court, including court reporters. It is a court's right ____________________ 1. The order, dated August 19, 1992, read as follows: Order to Att. Harry Anduze -- Please proceed to pay Mrs. Barbara Dachman the sum of $4,519.00 for her services as requested in motion subject of this order. Payment should be made on or before August 26, 1992. -3- and duty to supervise attorneys and court reporters in their actions pertaining to matters concerning litigation before the court, as they are both officers of the court. Thus, the Court has jurisdiction over attorney Anduze even though he has not been served with process. United States v. 789 Cases of Latex Surgeons' Gloves, 826 F. _____________ ____________________________________ Supp. 589, 590 (D.P.R. 1993). With regard to the merits, the court acknowledged the existence of contrary views, but adopted the following rule: [T]he Court believes that in the absence of express notice to the contrary, court officials and persons connected, either directly or indirectly with the progress of litigation, may safely regard themselves as dealing with the attorney, rather than with the client. . . . There is nothing unfair about this rule, the Court agrees with [Monick v. Melnicoff, ______ _________ 144 A.2d 381 (D.C. Mun. Ct. App. 1958)] in that: If an attorney in ordering a transcript or a brief does not intend to bind himself personally, he may avoid responsibility by making his position clear. The reporter . . . then on notice of the nonliability of the attorney, may take such steps as he feels are necessary for his protection before extending credit to a client whose credit standing and responsibility are often wholly unknown to him. 789 Cases, 826 F. Supp. at 590-91. While neither side had _________ cited any Puerto Rico law on the subject, the court did not determine how a Puerto Rico court would decide the contractual dispute because it believed the matter could be -4- "resolved independently of local law," id., at 590 n.3, and ___ it ordered appellant to pay the court reporter.2 Appellant has now appealed from the May 12, 1993 payment order. II. __ We deal first with a jurisdictional question. The court reporter argues no timely appeal from the final payment order has been filed and hence we should dismiss the appeal. She contends that the payment order was the court's August 19, 1992 order quoted in note one, that appellant's motion for reconsideration, filed on September 22, 1992 past the period provided in Rule 59(e), would not have tolled the time for appealing from the August 19, 1992 under the version of Fed. R. App. P. 4(a)(4) in effect prior to December 1, 1993; and that appellant's May 24, 1993 notice of appeal from the court's May 12, 1993 order denying reconsideration and ordering payment does not bring before us the August 19, 1992 order. Under the principle that a post-judgment motion asking the court to change its disposition solely because of ______ legal error must be brought under Rule 59(e) within the rule's 10-day period, Rodriquez-Antuna v. Chase Manhattan ________________ _______________ Bank Corp., 871 F.2d 1, 2 (1st Cir. 1989) (dispute over how __________ ____________________ 2. We point out that we take no position on the question whether the substantive rule of decision in a case like this derives from federal or state law. See Mathewson Corp. v. ___ ________________ Allied Marine Indus., Inc., 827 F.2d 850, 853 n.3 (1st Cir. ___________________________ 1987). -5- statute of limitations should be computed not cognizable under Rule 60(b)); Silk v. Sandoval, 435 F.2d 1266, 1267-68 ____ ________ (1st Cir.) ("If the court merely wrongly decides a point of law, that is not `inadvertence, surprise, or excusable neglect'" within the meaning of Rule 60(b)(1)), cert. denied, ____________ 402 U.S. 1012 (1971), the appeal from the May 12, 1993 order would avail appellant nothing, the argument would continue. We disagree for two reasons. First, the August 19, 1992 order was arguably precatory. It did not clearly direct payment, but rather asked appellant to please pay the reporter, a phrasing which may have led appellant to believe the directive did not carry the force of a normal court order. Second, Rodriquez-Antuna does not apply because ________________ appellant did not simply argue that the August 19, 1992 order was infected by error of substantive law. Rather, appellant advanced a non-frivolous argument that the order was void because the court lacked jurisdiction to order him to pay the court reporter, a matter the district court had not earlier addressed. Under these circumstances, we conclude that even if the August 19, 1992 order was a final judgment from which an immediate appeal could have been filed, appellant's motion for reconsideration was properly entertainable under Fed. R. Civ. P. 60(b). As appellant filed a timely notice of appeal from the court's May 12, 1993 order denying reconsideration and ordering appellant to pay the court reporter, we deny the -6- court reporter's motion to dismiss and motion for further briefing time and proceed to the merits. III. ___ Some courts, applying agency principles, conclude an attorney is not liable for litigation expenses absent an express or implied undertaking to be bound, while other courts treat the attorney, rather than the client, as the principal and impose liability on the attorney absent an express disclaimer of responsibility. See Jay M. Zitter, ___ Annotation, Attorney's Personal Liability for Expenses ________________________________________________ Incurred in Relation to Services for Client, 66 A.L.R. 4th _____________________________________________ 256, 262 (1988) (surveying the variety of approaches followed). Here the district court purported to exercise its supervisory powers to devise a uniform rule to be followed in the federal district court in Puerto Rico and applied the new rule to conduct pre-dating the rule's announcement. Regardless of whether federal or state law supplies the rule of decision (a matter on which we do not opine, see supra ___ _____ n.2), and regardless of which of the surveyed approaches to an attorney's payment responsibility represents the better view, we think the district court's handling of the situation did not satisfy the demands of fundamental fairness. The situation is similar to that presented in Boettcher v. Hartford Ins. Group, 927 F.2d 23 (1st Cir. _________ ____________________ 1991). There, the district court invoked its inherent powers -7- to impose jury costs on a plaintiff and her attorney who had settled on the morning of trial after jurors had reported for duty. No local rule provided for jury costs under those circumstances, and counsel had had no notice prior to settling that jury costs would be imposed. We reversed the sanction because it was unfair for the court to use the case as the first step in adopting a new rule. The "[l]ack of fair notice is fatal to [the court's] exercise of inherent power . . .. The law forbids the imposition of a new rule without prior notice," we explained. Id. at 26. ___ We think the same is true here. The district court has no written local rule imposing liability on attorneys for transcripts they order,3 and hence the court should not have invoked its inherent powers to resolve the "transcript payment" dispute summarily. The May 12, 1993 order directing appellant to pay the court reporter is reversed. ________ ____________________ 3. We do not purport to pass upon the validity of any such rule, were one to be adopted. Similarly, we do not express any view on what remedial avenues remain open to the unpaid court reporter. -8-