THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* GIMBEL BROTHERS INC., Defendant.

Court of Special Sessions of the City of New York, Borough of Manhattan, May 27, 1952.

*Frank S. Hogan, District Attorney* (*Robert R. Reynolds* of counsel), for plaintiff.

*David M. Solinger* and *Eugene H. Gordon* for defendant.

SILVER, J. The defendant, a department store in the city of New York, has been charged with a violation of section 2147 of the Penal Law entitled "Public Traffic on Sunday." This section prohibits "public selling or offering for sale of any property on Sunday ".

The case is evidently one of first impression since there are apparently no reported decisions on the issues here raised.

The defendant advertises in the Sunday metropolitan newspapers that customers may telephone the store between the hours of 1:00 P.M. and 5:00 P.M. on Sunday to order advertised merchandise. It maintains a telephone switchboard and a telephone order board located in a building other than the one in which merchandise is sold. The public is not permitted access to the premises and the board is manned by a special group of local college girls who are on duty only on Sunday. The order takers are limited solely to transcribe to an order pad orders given to them by customers for specified merchandise which has been advertised that day and for no other purpose.

The evidence submitted does not establish that the defendant has made a sale of property on Sunday. Section 82 of the Personal Property Law defines the word " sale " as " an agreement whereby the seller transfers the property in goods to the buyer for a consideration called the price." It is explicit in the definition that there is no sale unless the goods themselves are transferred, or unless there is a transfer of title or of property in the goods. Neither of the foregoing is effectuated on Sunday.

The articles in question are what are commonly known as " unascertained goods " since the orders are placed for one of a mass of identical items. Section 98 of the Personal Property Law provides that when goods are unascertained the property in those goods cannot be transferred until the goods are ascertained. The orders in question are not filled until the following morning. Even after the orders have been filled and the goods ascertained, title is not transferred until the goods are delivered. Obviously if the articles should be stolen from the delivery truck, there is little doubt that the responsibility for such loss would rest with the vendor rather than with the customer.

The evidence submitted also fails to establish that the defendant has offered personal property for sale on Sunday. The only evidence submitted with respect to the alleged offering of

property for sale, was defendant's advertisement in the Sunday newspaper. Advertisement does not constitute an offer of sale but is solely an invitation to customers to make an offer to purchase. (*Lovett* v. *Loeser & Co.,* 124 Misc. 81; *Schenectady Stove Co.* v. *Holbrook,* 101 N. Y. 45.)

The addition of a telephone answering service does not turn an advertisement in a Sunday newspaper from an invitation to order into an offer of sale. All that the defendant has done in furnishing a telephone answering service is to give the customer an opportunity to make an offer on Sunday.

The defendant's motion at the close of the entire case to dismiss the information is granted; and the defendant is acquitted.

BARSHAY, J., concurs; THOMPSON, J., dissents and votes to convict the defendant.