James L. O'Keefe, Public Administrator of the Estate of Christopher D. O'Brien, Plaintiff-Appellant, v. Lee Calan Imports, Inc., an Illinois Corporation, Defendant-Appellee, Third-Party Plaintiff, v. Field Enterprises, Inc., Third-Party Defendant.

Gen. No. 54,102.

First District, Third Division.

September 3, 1970.

John D. Vosnos, of Chicago, for appellant.

Zenoff, Westler, Jones & Kamm, of Chicago, for appellee.

MR. JUSTICE McNAMARA delivered the opinion of the court.

Christopher D. O'Brien brought suit against defendant for an alleged breach of contract. O'Brien died subsequent to the filing of the lawsuit, and the administrator of his estate was substituted in his stead. Field Enterprises, Inc. was joined as a third-party defendant, but was dismissed from the suit, and that order of dismissal is not involved in this appeal. Plaintiff and defendant filed cross-motions for summary judgment. The court denied plaintiff's motion for summary judgment and granted defendant's motion. This appeal follows. The facts as set forth in the pleadings and cross-motions for summary judgment are not in dispute.

On July 31, 1966, defendant advertised a 1964 Volvo Station Wagon for sale in the Chicago Sun-Times. Defendant had instructed the newspaper to advertise the price of the automobile at $1,795. However, through an error of the newspaper and without fault on part of defendant, the newspaper inserted a price of $1,095 for said automobile in the advertisement. O'Brien visited defendant's place of business, examined the automobile and stated that he wished to purchase it for $1,095. One of defendant's salesmen at first agreed, but then refused to sell the car for the erroneous price listed in the advertisement.

Plaintiff appeals, contending that the advertisement constituted an offer on the part of defendant, which O'Brien duly accepted and thus the parties formed a binding contract. Plaintiff further contends that the advertisement constituted a memorandum in writing which satisfied the requirements of the Statute of Frauds.

It is elementary that in order to form a contract there must be an offer and an acceptance. A contract requires the mutual assent of the parties. Calo, Inc. v. AMF Pinspotters, Inc., 31 Ill App2d 2, 176 NE2d 1 (1961).

The precise issue of whether a newspaper advertisement constitutes an offer which can be accepted to form a contract or whether such an advertisement is merely an invitation to make an offer, has not been determined by the Illinois courts. Most jurisdictions which have dealt with the issue have considered such an advertisement as a mere invitation to make an offer, unless the circumstances indicate otherwise. 157 ALR 744 (1945). As was stated in Corbin on Contracts, § 25 (1963):

> "It is quite possible to make a definite and operative offer to buy or to sell goods by advertisement, in a newspaper, by a handbill, or on a placard in a store window. It is not customary to do this, however; and the presumption is the other way. Neither the advertiser nor the reader of his notice understands that the latter is empowered to close the deal without further expression by the former. Such advertisements are understood to be mere requests to consider and examine and negotiate; and no one can reasonably regard them otherwise unless the circumstances are exceptional and the words used are very plain and clear."

In Craft v. Elder & Johnston Co. (Ohio App), 38 NE2d 416 (1941), defendant advertised in a local newspaper that a sewing machine was for sale at a stated price. Plaintiff visited the store, attempted to purchase the sewing machine at that price, but defendant refused. In holding that the newspaper advertisement did not constitute a binding offer, the court held that an ordinary newspaper advertisement was merely an offer to negotiate. In Ehrlich v. Willis Music Co. (Ohio App), 113 NE 2d 252 (1952), defendant advertised in a newspaper that a television set was for sale at a mistaken price. The actual price was ten times the advertised price. The court found that no offer had been made, but rather an invitation to patronize defendant's store. The court also held

that defendant should have known that the price was a mistake. In Lovett v. Frederick Loeser & Co., 124 Misc 81, 207 NYS 753 (1924), a newspaper advertisement offering radios for sale at 25% to 50% reductions was held to be an invitation to make an offer. Accord, People v. Gimbel Bros., 202 Misc 229, 115 NYS2d 857 (1952).

■ ■ We find that in the absence of special circumstances, a newspaper advertisement which contains an erroneous purchase price through no fault of the defendant advertiser and which contains no other terms, is not an offer which can be accepted so as to form a contract. We hold that such an advertisement amounts only to an invitation to make an offer. It seems apparent to us in the instant case, that there was no meeting of the minds nor the required mutual assent by the two parties to a precise proposition. There was no reference to several material matters relating to the purchase of an automobile, such as equipment to be furnished or warranties to be offered by defendant. Indeed the terms were so incomplete and so indefinite that they could not be regarded as a valid offer.

In Lefkowitz v. Great Minneapolis Surplus Store, 251 Minn 188, 86 NW2d 689 (1957) defendant advertised a fur stole worth $139.50 for sale at a price of $1.00, but refused to sell it to plaintiff. In affirming the judgment for plaintiff, the court found that the advertisement constituted a valid offer and, upon acceptance by plaintiff, a binding contract. However in that case, unlike the instant case, there was no error in the advertisement, but rather, defendant deliberately used misleading advertising. And in Lefkowitz, the court held that whether an advertisement was an offer or an invitation to make an offer depended upon the intention of the parties and the surrounding circumstances.

In Johnson v. Capital City Ford Co. (La App), 85 So2d 75 (1955), defendant advertised that anyone who purchased a 1954 automobile could exchange it for a 1955

model at no additional cost. Plaintiff purchased a 1954 automobile and subsequently attempted to exchange it for a 1955 model, but was refused by defendant. The court held that the advertisement was an offer, the acceptance of which created a contract. However, in that case, the advertisement required the performance of an act by plaintiff, and in purchasing the 1954 automobile, plaintiff performed that act. In the case at bar, the advertisement did not call for any performance by plaintiff, and we conclude that it did not amount to an offer.

Because of our view of these proceedings, it is unnecessary to consider the issue of whether the newspaper advertisement constituted a memorandum in writing satisfying the requirements of the Statute of Frauds.

The judgment of the Circuit Court is affirmed.

Judgment affirmed.

DEMPSEY, P. J. and SCHWARTZ, J., concur.