JEROME J. BARRAIA, Plaintiff-Appellee, *v.* WILLIAM A. DONOGHUE *et al.*, Defendants.—(JAY DALY, Defendant-Appellant.)

First District (4th Division)   No. 63037

Opinion filed May 12, 1977.

Goldberg & Goldberg, of Chicago, for appellant.

Kenneth A. Green and Robert E. Schulz, both of Chicago, for appellee.

Mr. JUSTICE LINN delivered the opinion of the court:

Defendant, Jay Daly, appeals from the trial court's decision allowing plaintiff, Jerome J. Barraia to regain possession of a yacht formerly owned by plaintiff and sold to Daly through defendant William A. Donoghue. The case was decided by the trial court after the parties entered into a stipulation of facts. Daly contends the trial court erred in concluding that there was no valid contract of sale binding on Barraia.

We reverse and remand for a new trial.

The facts disclose that Barraia was the owner of a 55-foot yacht known as the Morning Mist. On April 20, 1974, defendant, Donoghue, informed defendant, Daly, that this yacht was available at a cost of approximately $22,500. On May 22, 1974, Donoghue presented Daly with a contract for the sale of a yacht for $22,800, purporting to have authority to sign the contract on behalf of the seller. Daly gave Donoghue his check for $1,000 as earnest money.

Barraia was solicited by Donoghue to serve as broker and to receive a broker's commission of $2,000, which would be deducted from the sale price of $32,500. On May 30, 1974, Donoghue went to Barraia with a contract purportedly signed by Daly. The amount of the purchase price was stated as $32,500.

Barraia was informed by Donoghue that Daly paid $2,000 as a deposit which was being held in escrow by Donoghue. Daly denies that he ever signed such a contract.

Thereafter, the yacht was entrusted to Donoghue for delivery to Daly. Donoghue presented Daly with the title for the yacht signed by Barraia and, on the basis of that title, Daly obtained a loan from defendant Security Pacific National Bank to cover the cost of purchasing the yacht. Security Pacific registered its security interest in the yacht with the Cook County Recorder's Office. On June 11, 1974, Daly paid Donoghue $21,800 as the balance of the purchase money pursuant to a sales price of $22,800.

On July 6, 1974, Donoghue delivered two checks signed by Donoghue as drawer and issued to Barraia. The checks were drawn on the account of the Executive Yacht Charters, a company owned by Donoghue. One check was for $803 and the other check was in the amount of $30,500. Barraia deposited the checks in his account, but they were dishonored and returned to him due to insufficient funds in the account.

Barraia, upon discovery that the checks were dishonored, brought suit against Daly, Donoghue, and Security Pacific to regain possession of the yacht. Security Pacific was dismissed as a defendant at the outset of the proceedings. Daly's answer asserted the affirmative defense that Donoghue, as Barraia's agent, had given Daly title and possession of the yacht, and had received payment therefor.

Based upon the above facts, which the parties stipulated to, the trial court found that "[s]ince there was no meeting of the minds, there was no contract between the parties." The court therefore ordered that title be revested in the plaintiff Barraia, and that Daly perform any administrative acts necessary to restore title in the plaintiff. Judgment was also entered against Donoghue. Daly appeals from this judgment.

■■ It is fundamental, as plaintiff contends, that a contract requires the mutual assent of the parties. (*O'Keefe v. Lee Calan Imports, Inc.* (1970), 128 Ill. App. 2d 410, 262 N.E.2d 798; *John Kubinski & Sons, Inc. v. Dockside Development Corp.* (1975), 33 Ill. App. 3d 1015, 339 N.E.2d 529.) For a contract to come into being there must be a meeting of the minds to the contract. (*Richton v. Farina* (1973), 14 Ill. App. 3d 697, 303 N.E.2d 218.) In the instant case, it is apparent that there was never agreement between Barraia and Daly concerning the purchase price of the yacht. Thus, considering this fact alone, there was never a binding agreement between the parties.

However, Daly interposed the affirmative defense of an agency relationship existing between Barraia and Donoghue. The stipulated statement of facts upon which the trial court rendered its judgment is supportive of his assertion. Barraia gave Donoghue custody of the yacht and signed a title. Donoghue then conveyed title and possession of the yacht to Daly, after which he received their agreed upon payment.

■■ ■ In order for the acts of an agent to bind his principal when entering into a contract with a third person, such acts must be within the express, implied or apparent authority conferred on him by the principal. Apparent authority in an agent is such authority as the principal knowingly permits the agent to assume or which he holds his agent out as possessing. It is the authority which a reasonably prudent man, exercising diligence and discretion, in view of the principal's conduct, would naturally suppose the agent to possess. (*Wing v. Lederer* (1966), 77 Ill. App. 2d 413, 222 N.E.2d 535.) In order to estop the principal from denying the authority that is claimed, apparent authority must be based upon the words and acts of the principal and cannot be based upon anything the agent himself has said or done. *Lawcock v. United States Trotting Association* (1965), 55 Ill. App. 2d 211, 204 N.E.2d 802; 1 Ill. L. & Prac. *Agency* §112 (1953).

> "Generally speaking, * * * the mere possession of personal property by an agent or employee does not confer on him ostensible authority to sell, and a sale under such circumstances does not confer title as against the principal, even though the buyer is a bona fide purchaser. * * * There must be some act or conduct on the part of the owner whereby the party selling is clothed with the apparent ownership or authority to sell." 3 Am. Jur. 2d *Agency* §100 (1962).

We believe the question of agency was raised in defendant's answer and in the stipulated statement of facts. Those facts indicate that Barraia entrusted Donoghue with possession of the yacht and the signed title. Daly could easily have relied upon these indicia in obtaining financing and making payment.

■■ Ordinarily, the trial court's determination should not be disturbed if there is evidence in the record to support his findings. (*Wickenhauser v. Selhime* (1966), 75 Ill. App. 2d 413, 221 N.E.2d 6.) However, where the evidence before the trial court consists of depositions, transcripts, or is documentary in nature, the appellate court is not bound by the trial court's findings and may make an independent decision on the facts. *Inter-Insurance Exchange v. Travelers Indemnity Co.* (1965), 57 Ill. App. 2d 17, 206 N.E.2d 518.

■■ We find that the stipulated statement of facts, which was the only evidence before the trial court, raised the question of agency.

Accordingly, since the record does not disclose whether the trial judge considered this question in arriving at this determination, the judgment of the trial court is reversed and the cause remanded for a new trial.

Reversed and remanded.

DIERINGER, P. J., and JOHNSON, J., concur.