HENRY COHEN, Plaintiff-Appellant, *v.* WASHINGTON MANUFACTURING
CO., INC., Defendant-Appellee.

First District (3rd Division)    No. 79-95

Opinion filed December 31, 1979.

Kavathas and Castanes, of Chicago (John C. Castanes, of counsel), for appellant.

Geoffrey G. Gilbert, of McBride, Baker, Wienke & Schlosser, of Chicago (Paul G. Simon, of counsel), for appellee.

Mr. JUSTICE RIZZI delivered the opinion of the court:

Plaintiff, Harry Cohen, brought this action to recover commissions allegedly due him from defendant, Washington Manufacturing Company. The trial court entered summary judgment in favor of defendant and plaintiff appeals. We affirm.

Defendant is a company engaged in the manufacture and sale of men's clothing and accessories. Plaintiff worked for defendant as a sales representative from approximately March 1969 to January 1976. Plaintiff alleges that he entered into an oral employment agreement with defendant in 1969 which provided he was to be an exclusive sales representative in his designated territory. This agreement allegedly provided that plaintiff would receive a commission on all men's clothing sold in his specified territory, except clothing sold to purchasers who had been ordering directly from defendant prior to plaintiff's employment. Defendant denies that an employment agreement existed at any time.

Plaintiff alleges that defendant directly solicited purchasers in his territory by offering discounts on the merchandise. He claims he is entitled to receive commissions on all sales by defendant in his territory.

The motion for summary judgment was supported by the discovery deposition of the plaintiff. In the deposition, plaintiff stated that he discussed the oral agreement with a sales manager for defendant. When asked what was said during this discussion, plaintiff responded that the sales manager "told me that I have the whole territory that I specified, I could go anywhere I wanted to go * * * no limits to whom I could call on or where I could go except just in my territory." He also told plaintiff that

there was not very much business done in the territory. Plaintiff did not recall anything else said by the sales manager at the meeting. Later in the deposition, plaintiff said it was clearly understood in March 1969 that he was to receive a commission whether or not he was instrumental in getting the order. Nowhere in the deposition did plaintiff state that defendant told him this was his exclusive territory and that he was to receive a commission on all sales within his territory. Furthermore, during oral argument, plaintiff's attorney was asked whether there was anything in the deposition which indicated that defendant told plaintiff he was to receive these commissions rather than plaintiff coming to that conclusion merely because he was told he could go anywhere in the territory. Plaintiff's attorney answered, "No " " " that was his understanding of the agreement, that he was to receive commissions on everything within his territory."

Plaintiff did not file any affidavits in opposition to the motion. Additionally, he was not precluded from seeking further discovery prior to the ruling on the motion.

Plaintiff contends that summary judgment was improperly granted. He argues that there were material issues of fact relating to the existence of an oral agreement regarding plaintiff's right to receive commissions on all sales in his territory.

Section 57 of the Civil Practice Act provides that summary judgment may be granted if the pleadings, depositions and admissions on file, together with any affidavits filed, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. (Ill. Rev. Stat. 1977, ch. 110, par. 57.) Even if the complaint and answer purport to raise an issue of fact, summary judgment is nevertheless appropriate if such issues are not further supported by evidentiary facts through affidavits or other proper materials. (*Carruthers v. B.C. Christopher & Co.* (1974), 57 Ill. 2d 376, 380, 313 N.E.2d 457, 459; *Manahan v. Daily News-Tribune* (1977), 50 Ill. App. 3d 9, 12-13, 365 N.E.2d 1045, 1048.) Although a plaintiff opposing a motion for summary judgment does not have to prove his case, he must, if defendant precludes any possible liability through supporting documents, present some factual basis that would arguably entitle him to judgment. See *Chisolm v. Stephens* (1977), 47 Ill. App. 3d 999, 1004, 365 N.E.2d 80, 84; *Gehrman v. Zajac* (1975), 34 Ill. App. 3d 164, 166, 340 N.E.2d 184, 185.

In the present case, plaintiff failed to present any factual basis that would arguably entitle him to judgment. The deposition contains no reference to any statement by defendant that plaintiff would receive commissions on all sales in the territory. Plaintiff did not file an affidavit setting forth the basis of this alleged agreement. Plaintiff failed to show affirmatively that defendant agreed to such an arrangement. In fact, it

appears that the agreement was based solely on plaintiff's understanding that these commissions would be paid.

● In the absence of a showing that defendant agreed to pay plaintiff these commissions, plaintiff is unable to recover as a matter of law. It is fundamental that a person may not be subjected to contractual obligations unless the obligation is clearly fixed by the express or implied agreement of the parties. (See *Hintz v. Lazarus* (1978), 58 Ill. App. 3d 64, 67, 373 N.E.2d 1018, 1020.) There must be mutual assent of the parties. (*Barraia v. Donoghue* (1977), 49 Ill. App. 3d 280, 282, 364 N.E.2d 952, 954; *O'Keefe v. Lee Calan Imports, Inc.* (1970), 128 Ill. App. 2d 410, 411, 262 N.E.2d 758, 759.) Here, there is no evidence of mutual assent between the parties. Certainly, there can be no binding agreement based only on plaintiff's assumption that he would be paid for these sales because he was permitted to solicit sales in a certain territory.

There are no facts or reasonable inferences to be drawn from the record which support the existence of the alleged agreement. Therefore, we believe there is no genuine issue of material fact which would warrant further proceedings. Summary judgment in favor of defendant was properly granted.

Affirmed.

SIMON, P. J., and McGILLICUDDY, J., concur.