## DAMIAN SERVICES CORPORATION, Plaintiff,

## v.

## PLC SERVICES, INC., Paula L. Caminita, Lucien Caminita and Lucille Caminita, Defendants.

### No. 90 C 0860.

United States District Court,
N.D. Illinois, E.D.

May 3, 1991.

---

Jerome Edward Boyle, Block, Levy & Associates, Chicago, Ill., for plaintiff.

Gary L. Specks, Brad Stephen Grayson, Altheimer & Gray, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

LINDBERG, District Judge.

Defendants, Lucien and Lucille Caminita (for convenience hereinafter "defendants"), have moved to dismiss this case for lack of personal jurisdiction pursuant to FRCP 12(b)(2) or, in the alternative, to transfer

this case to the United States Court for the Eastern District of Louisiana pursuant to 28 U.S.C. § 1404(a). In the alternative, the defendants move for a dismissal of the complaint pursuant to FRCP 12(b)(6) or for entry of an order granting summary judgment in their favor pursuant to FRCP 56. Since the plaintiff, Damian Services Corporation ("Damian"), has failed to establish personal jurisdiction over the defendants, this court need not address the three alternative requests.

■ In this case, plaintiff contends that this court has jurisdiction based upon diversity of citizenship pursuant to 28 U.S.C. § 1332. In a diversity case, a federal district court in Illinois has personal jurisdiction over a party only if an Illinois court would have jurisdiction. *FMC Corp. v. Varonos*, 892 F.2d 1308, 1310 (7th Cir.1990); *Heritage House Restaurants v. Continental Funding*, 906 F.2d 276, 279 (7th Cir. 1990). Until recently, a non-resident individual could be sued in Illinois if (1) he performed one of the enumerated acts under Illinois's long-arm statute, and (2) the "minimum contacts" required by due process were present. Ill.Rev.Stat. ch. 110, § 2–209 (1989). *See Young v. Colgate–Palmolive Co.*, 790 F.2d 567, 569 (7th Cir. 1986). Courts interpreting the Illinois long-arm statute had held these two requirements to be separate inquiries. *See Jacobs/Kahan & Company v. Marsh*, 740 F.2d 587 (7th Cir.1984); *Cook Associates, Inc. v. Colonial Broach & Machine Co.*, 14 Ill.App.3d 965, 304 N.E.2d 27 (1973).

■ However, Illinois's long-arm statute was amended, effective September 7, 1989, to add a catch-all provision stating that a "court may also exercise jurisdiction on any other basis ... permitted by the Illinois Constitution and the United States Constitution." Ill.Rev.Stat. ch. 110, § 2–209(c) (1989). This provision makes jurisdiction under the Illinois long-arm statute co-extensive with the limits of due process. *Varonos*, 892 F.2d at 1310 n. 5; *Kinney v. Anchorlock Corp.*, 736 F.Supp. 818, 825 n. 5 (N.D.Ill.1990); *Blanco Oso Intern. Trading Co. v. Southern Scrap Material Co., Inc.*, 735 F.Supp. 294, 295 n.

2 (N.D.Ill.1990); *Promatek Med. Sys., Inc. v. Ergometrics, Inc.*, 1990 WL 19491, 2 (N.D.Ill.). The result is that the previous jurisdictional analysis involving a two-step test may no longer be necessary. In other words, if the requirements of due process are satisfied, jurisdiction is met under (c) of the long-arm statute regardless of whether a defendant has done any of the acts enumerated under (a). Ill.Rev.Stat. ch. 110, § 2–209(a), (c) (1989); *Kinney*, 736 F.Supp. at 825 n. 5; *Blanco*, 735 F.Supp. at 295 n. 2.

Although the former two-step inquiry is no longer necessary under Illinois's long-arm statute, the Illinois Supreme Court has recently intimated that a new two-step inquiry may be required. In interpreting the amended long-arm statute, the Supreme Court of Illinois has stated that jurisdiction in Illinois must be analyzed under the due process guarantees of both the United States and Illinois constitutions. *Rollins v. Ellwood*, 141 Ill.2d 244, 152 Ill.Dec. 384, 398, 565 N.E.2d 1302, 1316 (1990). That court observed that although previous constructions of the federal due process clause may be considered for guidance and inspiration, Illinois' constitution contains its own separate and independent guarantees of due process. *Id.* Under Illinois' due process protections, jurisdiction is to be asserted "only when it is fair, just and reasonable to require a non-resident defendant to defend an action in Illinois," considering the quality and nature of defendant's contacts with Illinois. *Id.* Whether the issue is analyzed under the old or new Illinois long-arm statute, defendants' motion to dismiss must be granted because jurisdiction over the defendants fails under the due process clause of the United States Constitution. U.S. Const.Amend. 14.

■ The decisive issue before this court is whether the exercise of personal jurisdiction over the defendants would be consistent with the requirements of federal due process so as not to offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). Due process analysis

begins with the query of whether the defendant "purposefully established minimum contacts" with the forum state which would create a "substantial connection" to that forum state. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474–75, 105 S.Ct. 2174, 2183–84, 85 L.Ed.2d 528 (1985). These "minimum contacts" should be purposeful conduct invoking the benefits of that forum state, such that the defendant should "reasonably anticipate being haled into court there." *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980). Further, the Seventh Circuit has recognized that individuals must have fair warning that they may be subject to jurisdiction within a state. *Varonos,* 892 F.2d at 1313; *Young,* 790 F.2d at 572. Thus, the focus of the court's inquiry must be on "the relationship among the defendant, the forum, and the litigation." *Heritage House,* 906 F.2d at 283 (quoting *Schaffer v. Heitner,* 433 U.S. 186, 204, 97 S.Ct. 2569, 2579, 53 L.Ed.2d 683 (1977)).

■ Applying these principles, this court holds that the defendants are not subject to its personal jurisdiction. Here the relevant facts concerning the conduct of the defendants, supported by affidavit and not disputed by the plaintiff, are:

(1) Lucille has never been to Illinois and Lucien hasn't been to Illinois for several decades ...

(2) They own no property in Illinois ...

(3) They have not transacted any business in Illinois ...

(4) They do not recall telephoning or corresponding with anyone in the state, and certainly did not telephone or correspond with anyone in Illinois in connection with the transaction and incidents in this case

. . . . .

(5) The defendants' only related contact with Illinois was the receipt of three telephone calls in Louisiana, apparently emanating from Illinois, but all of these occurred after the events alleged in this case ...

(6) They had no contact with anyone associated with the plaintiff or anyone they believed to be associated with the plaintiff at the time of, or prior to, the acts complained of, and therefore never could have indicated to plaintiff that Paula had authority to do anything on their behalf ...

Plaintiff's assertion that this court has personal jurisdiction over defendants is premised upon plaintiff's contention that Paula Caminita, defendants' daughter, was acting as defendants' agent. In other words, plaintiff contends that Paula through her acts as defendants' agent established the minimum contacts with Illinois necessary to permit this court to assert jurisdiction over her parents under Illinois's long-arm statute. Ill.Rev.Stat. ch. 110, § 2–209(a) (1989).

■ Plaintiff relies upon a provision of Illinois's long-arm statute which states that a non-resident can submit to the jurisdiction of the courts of Illinois through the acts of his agent. *Id.* Establishing personal jurisdiction over a defendant via the acts of his agent in that forum has also been understood to be consistent with the due process clause. *See Wisconsin Electrical Manufacturing Co. v. Pennant Products, Inc.,* 619 F.2d 676, 677–78 (7th Cir.1980); *Vena v. Western General Agency, Inc.,* 543 F.Supp. 779, 784 (N.D.Ill.1982). Plaintiff claims that the defendants "clothed their daughter with apparent authority" to bind them to the transactions of PLC. An agent's authority can be either actual or apparent, with circumstantial evidence used to establish the existence and extent of the authority. *Wadden v. Village of Woodridge,* 193 Ill.App.3d 231, 140 Ill.Dec. 408, 413, 549 N.E.2d 1280, 1285 (1990). Apparent authority exists where a principal, through his words or conduct, creates a reasonable impression that the agent has been granted the authority to perform certain acts. *Wasleff v. Dever,* 194 Ill.App.3d 147, 141 Ill.Dec. 86, 92, 550 N.E.2d 1132, 1138 (1990); *Northern Trust Co. v. St. Francis Hosp.,* 168 Ill.App.3d 270, 119 Ill.Dec. 37, 42, 522 N.E.2d 699, 704 (1988). To establish apparent authority, the relying party must base the relationship upon words or acts of the principal,

and not the representations or acts of the agent. *Barraia v. Donoghue*, 49 Ill. App.3d 280, 7 Ill.Dec. 661, 663, 364 N.E.2d 952, 954 (1977). *See also City of Evanston v. Piotrowicz*, 20 Ill.2d 512, 518–19, 170 N.E.2d 569, 573–74 (1960). Thus, an agency relationship created by apparent authority here must be based upon the acts or statements of defendants, and not those of Paula as their agent.

In its memorandum in opposition to defendant's motion to dismiss, plaintiff relies on two factors to establish agency. First, there are alleged statements made by Paula to James Stoynoff, a corporate officer of plaintiff, asserting an agency relationship. Second, the fact that defendants signed the PLC agreements and indirectly forwarded a credit profile to plaintiff is claimed to be conduct creating a reasonable impression that Paula was authorized to act as their agent. However, neither is sufficient to establish an agency relationship.

██ Initially, plaintiff claims to support its theory of agency with the affidavit of Stoynoff, one of its corporate officers. In his affidavit Stoynoff states that his beliefs as to the financing and guaranty of PLC by the defendants were "based upon the statements of Paula." Stoynoff's belief that Paula was acting as an authorized agent of her parents was also "based upon the statements of Paula." Stoynoff gives no other sources for forming his belief that an agency relationship existed. However, mere statements of the agent without more are insufficient to create an agency based upon apparent authority. *Piotrowicz*, 170 N.E.2d at 573–74. Thus, Stoynoff's affidavit fails to establish the agency relationship for personal jurisdiction purposes.

As to the PLC documents which the defendants signed, their existence does not support a conclusion that Paula was acting as defendants' agent. To the contrary, if Paula were acting as her parents' agent, she could have signed the documents herself on their behalf without having the defendants sign individually. Likewise, the forwarding to plaintiff of a credit profile by defendants via Paula does not on its face indicate an agency relationship exist-

ed. Merely providing credit history does not evidence that Paula had the power to bind defendants as their agent. Thus, the signed agreements and credit profile not only fail to support an agency theory, but suggest that Paula did not have authority to act on their behalf.

██ Further, plaintiff baldly asserts that by the nature of their family relationship Paula can bind the defendants as their agent. However, the acts of a person subjecting herself to jurisdiction under Illinois' long-arm statute are not attributable to family members for jurisdictional purposes simply on the basis of a family relationship. *See Green v. Advance Ross Electronics Corp.*, 86 Ill.2d 431, 56 Ill.Dec. 657, 662, 427 N.E.2d 1203, 1208 (1981). Thus, Paula's alleged acts which may provide a basis for the exercise of jurisdiction over her do not authorize this court to exercise jurisdiction over the defendants just because Paula is their daughter.

Finally, plaintiff's assertion that Paula was "acting at all relevant times" as defendants' agent has no basis. Further, the fact that defendant Lucille Caminita worked for PLC is irrelevant to the issue of whether Paula was her agent or whether defendants had any contact with Illinois. That Paula was Lucille's employer's (PLC) agent does not mean that Paula was Lucille's agent for purposes of an action seeking to impose liability on Lucille personally.

██ Therefore, plaintiff has failed to establish the agency relationship it claims would bring the defendants under Illinois's jurisdiction by the acts of Paula, their daughter. Given the facts as stated in the affidavits, it cannot be said that defendants purposefully availed themselves of the privilege of doing business in Illinois simply by sending a credit reference. Moreover, given the nature and remoteness of defendants' contacts with Illinois, they could not have reasonably anticipated, much less have had fair warning, that their conduct might cause them to be haled before an Illinois court. This court concludes that it does not have *in personam* jurisdiction over the defendants in this diversity case.

ORDERED: Defendant's motion to dismiss the complaint on the basis of lack of personal jurisdiction is granted. The judgment will be set forth on a separate document as provided in FRCP 58 and entered in the civil docket as provided in FRCP 79(a).