MITCHELL ZADROZNY, Plaintiff-Appellant, v. CITY COLLEGES OF CHICAGO *et al.*, Defendants-Appellees.

First District (1st Division)   No. 1—89—3329

Opinion filed September 23, 1991.

·   John G. Cadwell, of Chicago, for appellant.

Feiwell, Galper & Lasky, Ltd., of Chicago (Georgia A. Kolettis, of counsel), for appellees.

PRESIDING JUSTICE MANNING delivered the opinion of the court:

This is an appeal by a teacher, Mitchell Zadrozny (Zadrozny or appellant), employed at Wright Junior College, one of the City Colleges of Chicago, from the trial court's dismissal with prejudice of his two-count third amended complaint in which he sued the City Colleges of Chicago; the chancellor of the City Colleges of Chicago, Salvatore Rotella (Rotella or appellee); the president of Wright Junior College, Raymond LeFevour (LeFevour or appellee); and the vice-president of Wright Junior College, Nancy DeSombre (DeSombre or appellee). In

count I of the third amended complaint, brought pursuant to a breach of implied contract theory, Zadrozny sought extra compensation from the appellees for time and effort he expended in allegedly replying to DeSombre's request for information concerning his geography course in response to a complaint filed by a student who complained about Zadrozny's teaching methods and abilities during the spring semester of 1987. In count II of the third amended complaint, brought pursuant to a breach of express contract theory, Zadrozny sought compensation from appellees for their alleged breach of duty in failing to hire him for a summer school teaching position in the summer of 1988.

On appeal, we must determine: (1) whether Zadrozny's brief should be dismissed or stricken for failure to comply with Supreme Court Rules 341(e) and 342(a) (107 Ill. 2d Rules 341(e), 342(a)), which govern the requirements for briefs, and (2) whether Zadrozny's two-count third amended complaint was properly dismissed with prejudice for failure to state a cause of action.

At the outset, we note that Zadrozny's brief is not in conformity with Supreme Court Rule 341(e) or 342(a). The brief fails: to contain the enumerated Rule 341(e) sections in the proper order; to contain an argument section, designated as such; and to reference citations to the record in the statement of facts section and ostensible argument section. In addition, the introductory paragraph is improper; there is no separate issue statement; there is no statement of jurisdiction; and, in violation of Rule 342(a), there is no appendix or any part thereof. Zadrozny's attorney has offered as excuses his lateness in entering this appeal in which he was required to file his brief without a complete record and that in responding to the appellees' motion to dismiss the appeal, he filed an alternative request for leave to amend the brief, which was never ruled on by this court. The record before us contains the appellees' motion to dismiss the appeal which has been taken with the case; however, we have not located any response thereto. Although we do not believe so severe a sanction as dismissal is warranted here, we find the explanations offered by Zadrozny's substitute attorney to be unsatisfactory justifications for the omissions.

Adherence to Supreme Court Rules 341(e) and 342(a) is not an inconsequential matter. The purpose of the rules is to require parties to proceedings before a reviewing court to present clear and orderly arguments so that the court may properly ascertain and dispose of the issues involved. (*47th & State Currency Exchange, Inc. v. B. Coleman Corp.* (1977), 56 Ill. App. 3d 229, 232, 371 N.E.2d 294.) Where an appellant's brief fails to comply with the rules, this court

has inherent authority to dismiss the appeal for noncompliance with its rules. (*Lindenmier v. City of Rockford* (1987), 156 Ill. App. 3d 76, 79, 508 N.E.2d 1201.) However, violation of the rules does not divest this court of jurisdiction, but rather is an admonishment to the parties. (*Brown v. Brown* (1978), 62 Ill. App. 3d 328, 332, 379 N.E.2d 634.) It is within our discretion to consider the merits of the appeal, which we do here, where the appellees' brief is sufficient to apprise us of Zadrozny's arguments (see *Young v. City of Centreville* (1988), 169 Ill. App. 3d 166, 169, 523 N.E.2d 621), where the facts necessary to understand the issue are simple (*In re Marriage of Burke* (1989), 185 Ill. App. 3d 253, 255, 541 N.E.2d 245) and in the interest of judicial economy. See *McKanna v. Duo-Fast Corp.* (1987), 161 Ill. App. 3d 518, 515 N.E.2d 157.

Accordingly, we deny the appellees' motion to dismiss the appeal. The arguments contained in Zadrozny's brief will be considered by this court to the extent they were properly presented, although his brief fails to comply with Supreme Court Rules 341(e) and 342(a).

The facts as they relate to count I follow. In 1987 and 1988, Zadrozny was employed as a social science teacher at Wright Junior College pursuant to a written three-year board-union agreement, 1986-1989 (hereafter Agreement). On or about February 28, 1987, a student of geography in Zadrozny's class wrote a letter to DeSombre complaining about his teaching methods and abilities. The semester ended on May 9, 1987. On approximately May 5, 1987, DeSombre met with Zadrozny to discuss the student's letter and requested from him copies of the course work outline, assignments and examinations used in the class in 1987. On May 12, 1987, DeSombre memorialized the oral request by writing a letter to Zadrozny and LeFevour regarding the matter.

Although Zadrozny partially complied with the request by providing the course outline assignments and two examinations, he refused to supply the other materials. Instead, during the next few months, Zadrozny responded with a series of letters either criticizing the administration or giving his explanation about the situation with the student. He also inquired if DeSombre's request constituted an emergency situation. DeSombre responded that the situation was not an emergency; rather, it was a routine request in response to a written and signed complaint made by a student. LeFevour also replied that Zadrozny was not entitled to summer work compensation.

Finally, in August 1987, Zadrozny demanded that City Colleges pay him extra money for the time he spent during the summer of 1987 in responding to DeSombre's emergency request for his geogra-

phy course materials and in missing an annual summer trip abroad. Zadrozny then filed the original complaint on May 25, 1988.

The facts as they relate to count II are as follows. On January 28, 1988, Zadrozny completed a form distributed by City Colleges in which he indicated an interest in a 1988 summer school teaching position. The purpose of the form was to determine whether a teacher who was eligible to teach desired a summer school assignment. When Zadrozny was not assigned a 1988 summer school teaching position, he filed the original complaint alleging breach of contract.

The trial court dismissed Zadrozny's original, first and second amended complaints pursuant to the appellees' respective motions to dismiss. Thereafter, the appellees filed a section 2—615 motion to dismiss the third amended complaint alleging that Zadrozny failed to plead facts sufficient to state a cause of action for breach of an implied contract in count I and breach of an express contract in count II. (Ill. Rev. Stat. 1987, ch. 110, par. 2—615.) The trial court granted the section 2—615 motion to dismiss, expressly finding that after consideration of counts I and II of the third amended complaint in the light most favorable to Zadrozny, he could not possibly state a cause of action for breach of an implied contract and express contract, respectively.

■ The granting of a motion to dismiss is within the sound discretion of the trial court. (*Harvey v. Mackay* (1982), 109 Ill. App. 3d 582, 440 N.E.2d 1022.) The standard of review on appeal from the grant of a motion to strike or dismiss a complaint is whether, when viewed in the light most favorable to the plaintiff, the complaint alleged facts which sufficiently state all of the elements of the cause of action. (*Kenworthy v. Young* (1979), 70 Ill. App. 3d 144, 388 N.E.2d 217.) In determining the sufficiency of the counts of Zadrozny's third amended complaint dismissed upon the allowance of a section 2—615 motion to dismiss, we must apply the rule that a cause of action should be dismissed on the pleadings only if it clearly appears that no set of facts can be proved which will entitle a plaintiff to recover. *Wheeler v. Caterpillar Tractor Co.* (1985), 108 Ill. 2d 502, 505-06, 485 N.E.2d 372.

■ It is well settled that in determining whether the complaint is substantially insufficient in law, well-pleaded facts are admitted by a motion to dismiss. (*Smith v. Chicago Housing Authority* (1976), 36 Ill. App. 3d 967, 344 N.E.2d 536.) However, legal conclusions are not deemed admitted. *Pratt v. Baker* (1965), 65 Ill. App. 2d 389, 212 N.E.2d 503.

## COUNT I

Zadrozny alleges that one of the duties of a teacher required availability to school administrators in an emergency situation. He further alleges that because he was available to respond to the emergency situation created by DeSombre's requests, the appellees had a duty to compensate him, in addition to his regular salary, for such services rendered. In support of this proposition Zadrozny asserts that the terms of his employment included the mutual understanding of the traditions, customs and experiences in the field of education. However, he did not allege from what contract, if any, custom, tradition, or experience such duty arose.

■ An essential element for the formation of a contract is the manifestation of agreement or mutual assent by the parties to be bound. (*Allen v. Amber Manor Apartments Partnership* (1981), 95 Ill. App. 3d 541, 420 N.E.2d 440.) A person may not be subjected to contractual obligations unless the obligation is clearly fixed by an express or implied agreement. *Cohen v. Washington Manufacturing Co.* (1979), 80 Ill. App. 3d 1, 398 N.E.2d 1202.

■ An implied contract is created by law as a result of the parties' acts. (*Bull v. Mitchell* (1983), 114 Ill. App. 3d 177, 186, 448 N.E.2d 1016.) Implied contracts are either considered implied in fact or implied in law. (*Bartolo v. Skaggs Construction Co.* (1975), 25 Ill. App. 3d 117, 323 N.E.2d 123 (abstract of opinion).) Contracts implied in fact arise from a promissory expression that is inferred from circumstantial evidence of an intent to be bound. (*Gary-Wheaton Bank v. Burt* (1982), 104 Ill. App. 3d 767, 775, 433 N.E.2d 315.) Contracts implied in law (quasi-contracts) arise notwithstanding the parties' intentions, result from a duty imposed by law, and are contracts merely in the sense that they are created and governed by principles of equity. (*Steinberg v. Chicago Medical School* (1977), 69 Ill. 2d 320, 334, 371 N.E.2d 634.) No claim on a contract implied in law can be asserted if an express contract or a contract implied in fact exists between the parties and concerns the same subject matter. *Heavey v. Ehret* (1988), 166 Ill. App. 3d 347, 519 N.E.2d 996, quoting *Board of Directors of Carriage Way Property Owners Association v. Western National Bank* (1985), 139 Ill. App. 3d 542, 547, 487 N.E.2d 974.

■ In the present case, Zadrozny has failed to allege sufficient facts to support the existence of a promissory expression that the appellees agreed to provide compensation to him above his regular salary for responding to DeSombre's requests, that DeSombre's request constituted an emergency situation, or that the appellees had a duty

to or would compensate him for such work completed in the event an emergency existed. In order to recover on an implied contract, the facts and circumstances must show that, at the time the services were rendered, one party expected to receive payment and the other party intended to make payment. *Campion v. Tennes* (1981), 93 Ill. App. 3d 597, 417 N.E.2d 748.

Moreover, under Illinois law, implied contracts will not coexist with express contracts on the same subject. (*Patterson v. Carbondale Community High School District No. 165* (1986), 144 Ill. App. 3d 254, 494 N.E.2d 240.) Here, Zadrozny was subject to specific rules and regulations regarding the responsibilities of teachers. Part of the teachers' duties included assisting the administration in activities necessary to bring the semester to a successful completion. Accordingly, we find that the trial court properly determined that count I of the third amended complaint is legally insufficient.

COUNT II

In count II, Zadrozny alleges that pursuant to the questionnaire form on which he indicated his desire to teach summer school and the Agreement, the appellees had a contractual duty to schedule him to teach a social science course during the summer of 1988 given his seniority within the department. However, the appellees assert that the form was advisory in nature rather than a contract; moreover, the Agreement concerned the scheduling of courses and assignments to *regular* academic programs during the academic year, not teaching positions in the summer.

After reviewing the third amended complaint and the exhibits attached thereto, we conclude that as in count I, Zadrozny has not sufficiently alleged facts to show that the appellees had a contractual duty, express or implied, to schedule him to teach a social science course in the summer of 1988. Article VIII of the Agreement states in relevant part that "[s]cheduling of courses and assignments to regular academic programs during the academic year shall be determined in the following order." Article VIII discusses seniority and rotation as applied only to regular academic programs during the academic year and to extra work. Zadrozny fails to allege facts that his particular circumstances fall within either of these categories. Regular academic programs during the academic year do not encompass summer school programs since "academic year" is defined in article I of the Agreement as the fall and immediately following spring semester. Further, he fails to allege or point to any contractual reference or definition that a summer teaching program is considered extra work; nei-

ther does Zadrozny allege that the appellees deprived him of extra work. Accordingly, we find that since Zadrozny fails to state sufficient facts to support a cause of action for breach of contract on the basis that the appellees had a duty to create a summer teaching position for him in the summer of 1988 merely because they were advised of his desire and availability to fulfill such a position, the order of the trial court dismissing count II of the third amended complaint is affirmed.

Accordingly, after consideration of the well-pleaded facts alleged in the third amended complaint and its exhibits, in addition to all reasonable inferences to be drawn therefrom, when viewed in the light most favorable to the plaintiff, this court affirms the trial court's dismissal with prejudice of the two-count complaint on the basis that no cause of action for breach of an implied contract or breach of an express contract can be stated.

Affirmed.

BUCKLEY and O'CONNOR, JJ., concur.