**James ROARK, Plaintiff—Appellant,**

v.

**LEVI STRAUSS & CO., Defendant—Appellee.**

No. 01–17491.
D.C. No. CV–00–02149–CW.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 13, 2003.

Decided Feb. 5, 2003.

Before SCHROEDER, Chief Judge, NOONAN and CLIFTON, Circuit Judges.

## MEMORANDUM *

After more than twenty years of employment with Levi Strauss & Co., plaintiff James Roark was terminated in 1999 at the age of 47, as part of a reorganization and reduction-in-force. He alleges that the company's failure to retain him was based on illegal gender and age discrimination, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § § 621 et seq., respectively. Further, he contends that the company was bound by an implied agreement to terminate him only for good cause. The district court granted summary judgment for the defendant with respect to all claims. Roark appeals. Because Roark failed to establish prima facie cases of impermissible gender or age discrimination, and because there is no implied agreement to terminate only for good cause, we affirm.

Because the parties are familiar with the facts, we recite them only as necessary.

Legal questions in discrimination actions brought under Title VII and similar statutes are reviewed de novo, while a district court's underlying factual findings are subject to clearly erroneous review. *See Nichols v. Azteca Rest. Enter., Inc.*, 256 F.3d 864, 871 (9th Cir.2001). A district court's conclusion whether a plaintiff has satisfied the elements of a prima facie case is reviewed de novo, although the underlying factual findings are reviewed for clear error. *See Paige v. California*, 291 F.3d 1141, 1145 n. 3 (9th Cir.2002). "We combine the Title VII and ADEA claims for analysis because the burdens of proof and persuasion are the same." *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 888 (9th Cir. 1994) (citation omitted).

Roark failed to establish a prima facie case of gender discrimination resulting from his discharge during his employer's reduction-in-force. To support an inference of discrimination sufficient to make out a prima facie case, Roark had to demonstrate that (1) he was a member of a protected class, (2) he was performing his job satisfactorily, (3) he was discharged, and (4) the company retained employees who were female or substantially younger and whose qualifications were inferior to his. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1281 (9th Cir.2000).

■ Roark failed to demonstrate that any of the retained employees who were female or substantially younger possessed qualifications that were inferior to his, as discussed in detail in the district court's order.

■ And as the district court also discussed, the statistical evidence on the record does not support an inference of either gender or age discrimination. Of the employees who shared Roark's management level of "grade nine" and were retained by the company, 70% were men. There was little difference in the average ages of those managers who were retained and those laid off (47.8– and 48.4–years–old, respectively), and the two oldest managers were retained.

■ With respect to Roark's breach of contract claim on the theory that Levi Strauss & Co. was bound by an implied agreement to terminate him only for good cause, the district court appropriately ruled in favor of the defendant. Under either Illinois or California law Roark's breach of contract claim failed. Roark expressly acknowledged his status as an at-will employee when he participated in

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

the company's incentive plan; this express agreement precludes any implied agreement to the contrary. *See Zadrozny v. City Colleges of Chicago,* 220 Ill.App.3d 290, 295, 163 Ill.Dec. 93, 581 N.E.2d 44 (1991); *see also Cruey v. Gannett Co.,* 64 Cal.App.4th 356, 362–63, 76 Cal.Rptr.2d 670 (Cal.App.1998).

For the foregoing reasons, the district court's summary judgment is AFFIRMED.