NOTICE
Decision filed 01/04/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 230253-U

NO. 5-23-0253

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| SAMUEL J. BYNDOM, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Champaign County. |
| | ) | |
| v. | ) | No. 21-L-109 |
| | ) | |
| BOARD OF EDUCATION URBANA | ) | |
| SCHOOL DISTRICT #116, | ) | Honorable |
| | ) | Benjamin W. Dyer, |
| Defendant-Appellee. | ) | Judge, presiding. |

JUSTICE BOIE delivered the judgment of the court.
Presiding Justice Vaughan and Justice Barberis concurred in the judgment.

**ORDER**

¶ 1    *Held*:  We affirm the judgment of the circuit court dismissing the plaintiff's complaint where the circuit court properly found that the plaintiff had failed to exercise reasonable diligence in obtaining service on the defendant.

¶ 2    The plaintiff, Samuel J. Byndom, appeals the judgment of the circuit court of Champaign County dismissing his complaint against the defendant, Board of Education Urbana School District #116, based upon its findings that the plaintiff's complaint was filed beyond the 90-day statutory limitation period, and that the plaintiff had failed to exercise reasonable diligence in obtaining service on the defendant. For the following reasons, we affirm the judgment of the circuit court.

1

¶ 3                                    I. BACKGROUND

¶ 4      On March 30, 2020, the plaintiff filed allegations of retaliation and racial discrimination against the defendant with the Illinois Department of Human Rights (IDHR). The IDHR dismissed the plaintiff's allegations for lack of substantial evidence on March 12, 2021. The IDHR's notice of dismissal advised the plaintiff that if he disagreed with the IDHR's decision, he could commence a civil action in the appropriate state circuit court within 90 days after receipt of the dismissal notice.

¶ 5      On June 28, 2021, the plaintiff filed a complaint in the circuit court of Champaign County, Illinois, realleging the retaliation and racial discrimination allegations previously filed with the IDHR. The complaint, however, was not served on the defendant until November 17, 2022. As such, on December 20, 2022, the defendant filed a motion to dismiss pursuant to section 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619 (West 2022)). The defendant's motion to dismiss alleged that the plaintiff's complaint was filed beyond the 90-day statutory limitation period and, pursuant to Illinois Supreme Court Rule 103(b) (eff. July 1, 2007), that the plaintiff had failed to exercise reasonable diligence in obtaining service of the complaint on the defendant.

¶ 6      The circuit court heard arguments on the defendant's motion to dismiss on March 24, 2023, and issued a written order on March 31, 2023. The circuit court's written order stated that, for the reasons set forth on the record, the defendant's motion to dismiss was granted and the plaintiff's complaint was dismissed with prejudice. The plaintiff filed a timely notice of appeal and now appeals the judgment of the circuit court.

¶ 7                                    II. ANALYSIS

¶ 8      In order to support a claim of error on appeal, our supreme court has long held that the appellant has the burden to present a sufficiently complete record. *Webster v. Hartman*, 195 Ill. 2d

426, 432 (2001) (citing *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984)). "Where the issue on appeal relates to the conduct of a hearing or proceeding, this issue is not subject to review absent a report or record of the proceeding." *Id.* In this matter, the order appealed stated that the circuit court's reasons for granting the dismissal were "set forth on the record," yet no record of proceedings regarding the circuit court's hearing on March 24, 2023, has been properly filed with this court.

¶ 9 We further note that Illinois Supreme Court Rule 342 requires that, in civil appeals, an appellant's brief shall include, as an appendix, the following:

> "a table of contents to the appendix, the judgment appealed from, any opinion, memorandum, or findings of fact filed or entered by the trial judge or by any administrative agency or its officers, any pleadings or other materials from the record that are the basis of the appeal or pertinent to it, the notice of appeal, and a complete table of contents, with page references, of the record on appeal." Ill. S. Ct. R. 342 (eff. Oct. 1, 2019).

Although the plaintiff's Illinois Supreme Court Rule 341(c) (eff. Oct. 1, 2020) certificate of compliance states that "those matters to be appended to the [appellant's] brief under Rule 342(a) is approximately 18 pages," there is no appendix, either attached to the appellant's brief or in a separate filing.

¶ 10 The defendant, however, did file an appendix to its brief which contained the report of proceedings for the circuit court's hearing on the defendant's motion to dismiss. Rule 342 does permit an appellee's brief to include a supplementary appendix of other materials from the record that are also the basis of the appeal or are essential to any understanding of the issues raised in the appeal. Ill. S. Ct. R. 342 (eff. Oct. 1, 2019). Placing documents in a brief's appendix, however, does not make the documents part of the appellate record. *Oruta v. B.E.W.*, 2016 IL App (1st)

3

152735, ¶ 32 (materials not taken from the record may not generally be placed before the appellate court in an appendix). Illinois Supreme Court Rule 324 (eff. July 1, 2017) requires that the record on appeal, which shall include any report of proceedings prepared in accordance with Illinois Supreme Court Rule 323 (eff. July 1, 2017), be prepared and certified by the clerk of the circuit court, as does any supplement to the record on appeal. See Ill. S. Ct. R. 321 (eff. Oct. 1, 2021) (contents of the record on appeal); R. 323 (eff. July 1, 2017) (report of proceedings); R. 324 (eff. July 1, 2017) (preparation and certification by the circuit clerk of the record on appeal); R. 329 (eff. July 1, 2017) (supplement to the record on appeal). As such, the report of proceedings contained in the appellee's appendix is not "other materials from the record" since the report of proceeding is not contained in the record on appeal prepared and certified by the clerk of the circuit court.

¶ 11    A party may generally not rely on matters outside of the record to support its position on appeal. *Keener v. City of Herrin*, 235 Ill. 2d 338, 346 (2009). "When a party's brief fails to comply with that rule, a court of review may strike the brief, or simply disregard the inappropriate material." *Id*. It is also within the discretion of this court to consider the merits of an appeal, notwithstanding any deficiencies in the parties' briefs, where the briefs are sufficient to apprise this court of the appellant's arguments, the facts necessary to understand the issues are simple, and judicial economy warrants consideration on the merits. See *Zadrozny v. City Colleges of Chicago*, 220 Ill. App. 3d 290, 293 (1991).

¶ 12    Here, the appellant's brief is sufficient to apprise this court of the plaintiff's arguments, and the facts necessary to understand the plaintiff's issues on appeal are simple and contained within the record of appeal. We also note that the defendant only cited to the report of proceedings in the background section of its brief but does not cite to any portion of the report of proceeding

4

in its arguments. Finally, this court may affirm the circuit court's decision on any basis supported by the record, regardless of the reasoning employed by the circuit court. *Scassifero v. Glaser*, 333 Ill. App. 3d 846, 860 (2002).

¶ 13  As such, we do not find that the flaws identified above regarding the appendixes to be of such a nature as to interfere with our ability to understand and adjudicate this matter. We are, however, disregarding the report of proceedings contained in the appellee's appendix as material outside of the record, and we admonish the parties' counsels to carefully adhere to the requirements of the supreme court rules in any future appeals. Having addressed these deficiencies, we will now proceed to the merits of the plaintiff's issues on appeal.

¶ 14  The plaintiff raises two issues for this court's review. The first issue raised on appeal is whether the circuit court improperly dismissed the plaintiff's complaint under section 2-619 of the Code (735 ILCS 5/2-619 (West 2022)). The second issue raised by the plaintiff on appeal is whether the circuit court erred in dismissing the plaintiff's complaint pursuant to Illinois Supreme Court Rule 103(b) (eff. July 1, 2007). For judicial economy, we will first address the plaintiff's second issue.

¶ 15  The plaintiff acknowledges that "there is little question but that the lawsuit was not served in a diligent fashion," as it took more than a year for the complaint to be served on the defendant. The plaintiff argues, however, that he was represented by counsel at the time of the filing of the complaint and that, after the filing of the complaint, he had difficulty communicating with the attorney and was not provided an update on the status of the case. As such, the plaintiff states that he hired new counsel who entered an appearance on October 10, 2022, and obtained service on the defendant on November 17, 2022. Therefore, the plaintiff argues that the failure to timely serve the defendant rested with the plaintiff's prior counsel, not with the plaintiff himself, and that this

court should reverse the circuit court's dismissal since there was no lack of diligence on the part of the plaintiff.

¶ 16    We review a circuit court's grant of a Rule 103(b) dismissal under an abuse of discretion standard. *Emrikson v. Morfin*, 2012 IL App (1st) 111687, ¶ 14. A circuit court abuses its discretion when its decision is arbitrary, fanciful, unreasonable, or where no reasonable person would adopt the court's view. *Id.* The plaintiff bears the burden of showing reasonable diligence in the service of process and must give a reasonable explanation for any apparent lack of diligence. *Kramer v. Ruiz*, 2021 IL App (5th) 200026, ¶ 24.

¶ 17    Illinois Supreme Court Rule 103(b) states as follows:

"If the plaintiff fails to exercise reasonable diligence to obtain service on a defendant prior to the expiration of the applicable statute of limitations, the action as to that defendant may be dismissed without prejudice. If the failure to exercise reasonable diligence to obtain service on a defendant occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice as to that defendant only and shall not bar any claim against any other party based on vicarious liability for that dismissed defendant's conduct. The dismissal may be made on the application of any party or on the court's own motion. In considering the exercise of reasonable diligence, the court shall review the totality of the circumstances, including both lack of reasonable diligence in any previous case voluntarily dismissed or dismissed for want of prosecution, and the exercise of reasonable diligence in obtaining service in any case refiled under section 13-217 of the Code of Civil Procedure." Ill. S. Ct. R. 103(b) (eff. July 1, 2007).

¶ 18    "There is no specific time limitation provided by Rule 103(b). Rather, a court must consider the passage of time in relation to all the other facts and circumstances of each case individually."

6

*Case v. Galesburg Cottage Hospital*, 227 Ill. 2d 207, 213 (2007). When determining whether to grant a Rule 103(b) motion, the courts consider the following nonexclusive factors: (1) the length of time used to obtain service of process; (2) the activities of the plaintiff; (3) the plaintiff's knowledge of the defendant's location; (4) the ease with which the defendant's whereabouts could have been ascertained; (5) special circumstances which would affect the plaintiff's efforts; and (6) actual service on the defendant. *Id.* at 212-13; see also *Segal v. Sacco*, 136 Ill. 2d 282, 287 (1990); *Womick v. Jackson County Nursing Home*, 137 Ill. 2d 371, 377 (1990). Here, the only factor argued by the plaintiff is that a special circumstance affected the plaintiff's efforts, *i.e.*, that his attorney failed to affect service.

¶ 19    The defendant cites to *Karpiel v. LaSalle National Bank of Chicago*, 119 Ill. App. 2d 157 (1970), in support of its argument that the circuit court did not err in dismissing the plaintiff's complaint. In *Karpiel*, the plaintiff's attorneys admitted that they could offer no excuse for the almost 14-month delay in serving the amended complaint on the defendants except for an office error. *Id*. at 160. The *Karpiel* court noted that the plaintiff knew exactly where the defendants could be served and that the failure to obtain timely service was in no way caused or contributed to by the defendants. *Id.* at 161. As such, the *Karpiel* court declined to substitute its judgment for that of the trier of fact and affirmed the lower court's dismissal of the plaintiff's complaint pursuant to Rule 103(b). *Id.* at 162.

¶ 20    Other courts have also considered delays caused by a plaintiff's counsel and, upon consideration of all factors, affirmed the lower courts' Rule 103(b) dismissals. See *Kramer*, 2021 IL App (5th) 200026, ¶ 37 (while sympathetic to the position of plaintiff's counsel following death of her colleague, Rule 103(b) dismissal affirmed); *Sinn v. Elmhurst Medical Building, Ltd.*, 243 Ill. App. 3d 787, 790-91 (1993) (dispute with plaintiff's original attorney who failed to obtain

7

service did not excuse nearly eight-month delay in service). As the court in *Kramer* noted, although the prevention of intentional delay in service was a primary reason for the adoption of Rule 103(b), the rule is not based upon the subjective test of the plaintiff's intent, but, rather, " 'upon the objective test of reasonable diligence in effecting service.' " *Kramer*, 2021 IL App (5th) 200026, ¶ 33 (quoting *Cannon v. Dini*, 226 Ill. App. 3d 82, 86 (1992)).

¶ 21    In this matter, as the plaintiff has acknowledged, there is no doubt that the lawsuit was not served in a diligent fashion. The complaint was filed on June 28, 2021, and service was not obtained until November 17, 2022, resulting in an almost 16-month delay in service. Although the plaintiff argues that the delay should be attributed to his prior counsel alone, he has provided no precedent that would support a determination that the failure of counsel to obtain service should not be attributed to the plaintiff. As such, we do not find that the circuit court's decision was arbitrary, fanciful, unreasonable, or that no reasonable person would adopt the circuit court's view. Therefore, we find that the circuit court did not abuse its discretion in dismissing the plaintiff's complaint with prejudice for failing to exercise reasonable diligence in effecting service. Because we have determined that dismissal was proper under Rule 103(b), we need not address the plaintiff's first issue of whether dismissal was proper pursuant to section 2-619 of the Code (735 ILCS 5/2-619 (West 2022)).

¶ 22                              III. CONCLUSION

¶ 23    Based on the above, we affirm the judgment of the circuit court of Champaign County dismissing the plaintiff's complaint with prejudice.

¶ 24    Affirmed.