**NEW PROCESS STEEL, L.P.,**
Plaintiff–Appellant,

v.

**PH GR, INCORPORATED and St. Lawrence Hydraulics, Inc., f/k/a St. Lawrence Press Company, Inc., Defendants–Appellees.**

No. 03–3812.

United States Court of Appeals,
Seventh Circuit.

Argued June 3, 2004.

Decided July 20, 2004.

Rehearing Denied Aug. 25, 2004.

Dawn M. Knepper, Richie & Gueringer, San Antonio, TX, for Plaintiff–Appellant.

Patrick G. Kruse, Clark Hill, Detroit, MI, for Defendant–Appellee.

Before BAUER, RIPPLE, and MANION, Circuit Judges.

### ORDER

New Process Steel, L.P. ("New Process") filed suit in the Northern District of Illinois for, among other things, breach of contract and breach of warranty, alleging that a $500,000 embossing door press it bought did not work properly. New Process sued St. Lawrence Hydraulics, Inc. ("St. Lawrence") and PH Group, Inc. ("PH Group"), the entities it alleged were responsible for the door press. A default judgment was entered against PH Group, apparently because that entity is bankrupt. The court granted St. Lawrence's motion to dismiss for lack of personal jurisdiction. New Process appeals and we affirm.

### I.

New Process, a Delaware limited partnership, is a steel servicing center with its

principal place of business in Texas and a facility in Illinois. New Process was quite satisfied with an embossing door press it purchased from the St. Lawrence Press Company, Inc., a Michigan corporation. For this reason, New Process ordered a second embossing door press, at a cost of $500,000. The second press, however, came from a different manufacturer—to the purported surprise of New Process— and did not work properly.

Before New Process bought the second press, the St. Lawrence Press Company, Inc., sold substantially all of its assets in an Asset Purchase Agreement (APA) to PH Group, an Ohio corporation. Included in the sale was the right to use the "St. Lawrence Press" name and customer list. After the APA, the St. Lawrence Press Company, Inc., became a subsidiary of PH Group and changed its name to St. Lawrence Hydraulics, Inc.

A default judgment was entered against PH Group. New Process then proceeded with its claims against St. Lawrence, but it is undisputed that St. Lawrence does not have the contacts necessary for personal jurisdiction in Illinois. For this reason, the district court granted St. Lawrence's motion to dismiss for lack of personal jurisdiction. PH Group, however, has sufficient minimum contacts with Illinois for the purposes of this lawsuit. Accordingly, New Process argues on appeal that PH was acting as the apparent agent of St. Lawrence in the sale of the press and that PH's contacts with Illinois can be imputed to St. Lawrence, allowing for personal jurisdiction over St. Lawrence.

## II.

We review de novo the district court's decision to dismiss for lack of personal jurisdiction. *See Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 712 (7th Cir.2002). At the outset, the Illinois long-arm statute authorizes jurisdiction consistent with federal due process standards for minimum contacts.[1] *See* 735 ILL. COMP. STAT. 5/2–209(c) (West 2000); *Rollins v. Ellwood*, 141 Ill.2d 244, 152 Ill.Dec. 384, 565 N.E.2d 1302, 1316 (1990). In addition, under the Illinois long-arm statute, a non-resident can submit to Illinois jurisdiction through the acts of an agent. 735 ILL. COMP. STAT. 5/2–209(a) (West 2000); *Wisconsin Elec. Mfg. Co. v. Pennant Prods., Inc.*, 619 F.2d 676, 677–78 (7th Cir.1980). Thus, if New Process can show that PH Group was acting as St. Lawrence's agent in the sale, then the contacts of PH with Illinois can be used to establish personal jurisdiction over St. Lawrence.

It is undisputed that PH has substantial contacts with Illinois, sufficient to satisfy federal due process. In an attempt to show that PH was St. Lawrence's apparent agent, New Process argues that St. Lawrence's actions or silence created a reasonable expectation that PH was acting as the agent of St. Lawrence when selling the press. *See* RESTATEMENT (SECOND) OF AGENCY, § 27 (1958).

As evidence of PH Group's apparent authority, New Process first claims that, in the APA, St. Lawrence retained a right to receive earnings from PH Group's sale of certain products. New Process also alleges that St. Lawrence continued to serve in a consulting role to PH Group after the APA. Finally, New Process submits as evidence a check for $33,333 paid to St. Lawrence from PH Group nearly a year after the sale of the press. New Process claims this check was earned due to the sale of the press.

None of the above evidence, even if true, could create a reasonable belief in New

---

1. The parties rely solely upon federal standards of due process for personal jurisdiction.

Process that PH Group was the agent of St. Lawrence, because it is undisputed that New Process did not discover this information until after suit was filed. Instead, the evidence that New Process was aware of at the time it purchased the press includes a price quote for the machine. This quote was signed "Mark L. Pugh, St. Lawrence Press, *A Division of PH Group, Inc.*" (emphasis added). The fact that PH Group used the name "St. Lawrence Press" is the source of New Process's confusion. As stated, New Process previously bought a press from the St. Lawrence Press Company, Inc., and New Process claims that it reasonably thought the second press was coming from the same company. Instead, St. Lawrence Press Company, Inc., had sold substantially all its assets, including the right to use its name, to PH Group. The quote clearly identifies that St. Lawrence is a mere division within the larger PH Group. For this reason, it was not reasonable for New Process to believe that PH was the agent of St. Lawrence.

New Process argues that St. Lawrence had a duty to inform it of the APA and that St. Lawrence Press Company, Inc., was no longer doing business. Silence, however, is not enough to create an agency relationship based upon apparent authority. Instead, apparent authority is created by "words or acts of the [alleged] principal." *Damian Services Corp. v. PLC Services, Inc.*, 763 F.Supp. 369, 372–73 (N.D.Ill.1991). Here, there is no evidence of words or acts by St. Lawrence that would create a reasonable expectation in New Process. New Process's argument in this case would impose an unprecedented agency law duty on companies to inform all previous customers of an asset sale or merger.

New Process relies primarily upon *Avesta Sheffield, Inc. v. Olympic Continental Resources, L.L.C.*, 2000 WL 198462, 2000 U.S. Dist. LEXIS 1670 (N.D.Ill.2000). In that case, unlike here, the purported principal did not stop doing business. Instead, the purported principal was still in business and made affirmative representations to the plaintiff. As stated, St. Lawrence was silent and mere silence does not create apparent authority.

## III.

The district court properly granted St. Lawrence's motion to dismiss based on personal jurisdiction. There is no evidence to establish a reasonable belief by New Process that PH Group was acting as St. Lawrence's apparent agent at the time New Process bought the press. For these and the foregoing reasons, we AFFIRM the judgment of the district court.